John M. Gilman and others *vs.* Walter Van Brunt.

July 11, 1882.

Cloud on Title—Apparent Title or Interest.—To maintain an action to remove a cloud from title to real estate, the alleged cloud must be *prima facie* substantial. If the facts which are relied on to constitute the cloud are not such as *per se* to confer some apparent right, title, or interest in the property, but require to give them this apparent effect the support of extrinsic facts which have no real or apparent existence, there is no cloud.

Same—Tax-Judgment Sales—Assignment by State.—Assignment by a county auditor in the form prescribed by Laws 1874, c. 1, § 129, and by Laws 1874, c. 2, § 19, do not *per se* create in favor of the assignee any cloud upon the title to one claiming to be the owner of the land to which such assignments relate.

Same—Want of Jurisdiction to Enter Tax Judgments.—Nor, where no certificate of sale has been issued to the state, as provided in Laws 1874, c. 1, § 124, as amended by Laws 1875, c. 5, § 29, and in Laws 1874, c. 2, § 14, do such assignments raise any such cloud, when, upon looking at the proceedings antecedent to the tax sale, it appears that the court by which the tax judgments under which the tax sales were had were rendered had no jurisdiction to render the same.

Plaintiffs, being the owners of certain lots in the city of Duluth, brought this action in the district court for St. Louis county to have removed a cloud upon their title, the alleged cloud being, as appeared from the pleadings and on the trial, certain assignments from the state to defendant of all its right, title and interest to the lots in question acquired under tax judgments entered January 1, 1875, and sales thereunder made February 27, 1875, for taxes delinquent

for 1872, and under a tax judgment entered September 16, 1875, and
sale thereunder made October 31, 1875.

The action was tried by *Stearns, J.*, who found that no certificates
of sale were ever issued to the state under the tax sales, and that the
court never had any jurisdiction to render the tax judgments. The
lots in question are situated in Crowell's addition to Duluth, but in
the proceedings prior to the assignments by the state the lots are de-
scribed as situated in Crowell's addition to Upper Duluth. Judgment
removing the cloud from the title, declaring plaintiffs to be owners of
the property, and giving defendant a lien for taxes paid by him, was
ordered and entered, and the defendant appealed.

*H. N. Setzer*, for appellant.

*W. P. Clough*, for respondents.

BERRY, J. This is an action for the removal of an alleged cloud
upon plaintiffs' title to certain town lots. To maintain this action
the cloud alleged must be *prima facie* substantial. In other words,
the facts which are said to constitute the cloud must be such as ap-
parently confer some right, title, or interest in the property. If they
are not such *per se*, but require to give them this apparent effect the
backing of extrinsic facts which have no real or apparent existence,
then there is no cloud. Or, as it may be otherwise stated, there is
no occasion to go into a court of equity in order to have that deter-
mined to be void and invalid which has no appearance of being
otherwise. *Weller* v. *City of St. Paul*, 5 Minn. 70, (95) ; *Scribner* v.
*Allen*, 12 Minn. 148; *Barton* v. *Drake*, 21 Minn. 299; *Conkey* v. *Dike*,
17 Minn. 457; *Baldwin* v. *Canfield*, 26 Minn. 43; *More* v. *Card*, 14
Wis. 214; *Gamble* v. *Loop*, Id. 466; *Scott* v. *Onderdonk*, 14 N. Y. 9;
*Farnham* v. *Campbell*, 34 N. Y. 480; *Van Doren* v. *Mayor*, 9 Paige
387; *Allen* v. *City of Buffalo*, 39 N. Y. 386; *Overing* v. *Foote*, 43 N.
Y. 290; *Cohen* v. *Sharp*, 44 Cal. 29; *Fonda* v. *Sage*, 48 N. Y. 173;
*Marsh* v. *City of Brooklyn*, 59 N. Y. 280. For the determination of
adverse claims or pretensions, there is a remedy either under our
statute or by an action in the nature of ejectment, as the facts with
regard to possession may advise. See *Walton* v. *Perkins*, 28 Minn. 413.

In this case the facts relied upon to make out a cloud are these:
Defendant claims title under certain tax-judgment sales made in

1875, under Laws 1874, *c.* 1, as amended by Laws 1875, *c.* 5, and under Laws 1874, *c.* 2. He holds certain assignments executed by the county auditor of St. Louis county, (where the lands in controversy lie,) part of the assignments being in the form prescribed by Laws 1874, *c.* 1, § 129, and the rest in the form prescribed by Laws 1874, *c.* 2, § 19. A portion of these assignments were issued to defendant directly, and the remainder to another, who has quitclaimed to him. Each of these assignments, according to the prescribed form, simply assigns "the whole right, title, and interest" of the state (to the piece of land therein named) "acquired" at a designated tax-judgment sale at which such land was bid in for the state ostensibly under the provisions of the tax laws. No effect is given by the statute to an assignment of this character as evidence, *prima facie* or otherwise, of the regularity or validity of antecedent proceedings, or of any right, title, or interest in the land described. It is a transfer of the right acquired by the state, if any, and nothing more. The mere execution or possession of such assignment creates no cloud upon the title of any person claiming to own the land mentioned therein, for it is *per se* evidence of no right, title, or interest therein on the part of its holder. To create the cloud it is necessary that there should be something back of the assignment, showing an apparent right, title, or interest in the state which could pass by the assignment.

No certificates of sale were executed to the state, such as are provided for in Laws 1874, *c.* 1, § 120, as amended by Laws 1875, *c.* 5, § 29, and in Laws 1874, *c.* 2, § 14, and such as by succeeding sections are made *prima facie* evidence that all the requirements of the law in respect to a tax sale have been complied with. For the right, if any, which the state acquired by the sales mentioned in these assignments, the assignee as well as every other person must look at the proceedings which culminated in the sales, and upon which their validity and effect depend. Upon looking at these proceedings, the court below has found that the court by which the tax judgments upon which the sales were had were entered, never acquired jurisdiction to enter the judgments referred to in the assignments against the lots which are the subject of this action. If this finding is right,

the assignments raise no cloud upon plaintiff's title. They could not do this *per se* for reasons above given, and they do not by any reference to antecedent proceedings, for these are found to be void for want of jurisdiction.

The court does not find the particular facts from which the want of jurisdiction is inferred, but the plaintiff's counsel calls attention to and relies, among other things, upon the fact that none of the proceedings antecedent to the assignments, from the list filed by the county auditor with the clerk of the district court down to the sale, contain any description of the lots to which this action relates. These are lots in Cowell's addition to Duluth, whereas the lots described in the last-mentioned and subsequent proceedings are in Cowell's addition to Upper Duluth. Without some explanatory facts—if any there can be—it would not appear that these tax-judgment and sale proceedings have any relation to the lots in controversy. If, as the settled case shows, the assignments were of the right acquired by the state in the lots in controversy upon proceedings against lots in Cowell's addition to Upper Duluth, they evidently assigned nothing, unless the two are identical, which does not appear. Upon this state of facts the case would seem to be this, viz.: the assignments do not create any cloud *per se*, and the proceedings to which they refer show that there is none. Upon the facts of this case as it stands, the defendant has no apparent right, title, or interest in the premises to which this action relates, and by consequence it cannot be maintained.

The judgment is accordingly reversed.