MICHAEL MALONEY *vs.* ANDREW J. FINNEGAN and others.

December 27, 1887.

**Cloud on Title—Instrument Invalid on its Face.**—Former decisions followed, to the effect that an action to remove a cloud upon title is not maintainable where the alleged invalidity of the instrument complained of is apparent upon its face.

**Same—Title under Foreclosure—Invalid Redemption under Void Junior Judgment.**—The plaintiff asserting title by mortgage foreclosure is not entitled, in such an action, to relief as to a void judgment recovered against the mortgagor subsequent to the recording of the mortgage; the time for enforcing the judgment by redeeming from the foreclosure sale having expired, and no apparently valid redemption having been made.

**Same—Injunction.**—A complaint does not show a case for an injunction to prevent a cloud upon title, if it appears only by inference, and not by averment, that acts are threatened or contemplated which will impose a cloud.

Appeal by defendants from an order of the district court for Hennepin county, *Rea*, J., presiding, overruling their demurrers to the complaint.

*Arthur D. Smith*, for appellants.

*Thomas Canty*, for respondent.

DICKINSON, J. Demurrer to the complaint. The plaintiff shows title to the land in question derived by purchase at a mortgage foreclosure sale in December, 1885. It also appears that the defendant Andrew J. Finnegan is the assignee of a judgment recovered in a justice's court against the mortgagor, subsequent to the recording of the mortgage, and subsequently docketed in the office of the clerk of the district court; that such judgment was in fact rendered without any jurisdiction having been acquired over the person of the judgment debtor, no summons having been served, and no return of any service having been made; that the judgment debtor had tendered full payment of the same, which had been refused; that Finnegan, having filed notice of his intention to redeem from the foreclosure sale, within the proper time for making such redemption, fraudulently pro-

duced to the sheriff a certified copy of the docket of the judgment, paid to the sheriff the sum of money necessary to make redemption, and procured from the sheriff, and caused to be recorded, a certificate of such payment, and of the fact that Finnegan claimed "title to said premises in fee-simple under said redemption, and has exhibited to said sheriff satisfactory evidence of his title thereto, and of his right to redeem the same;" the certificate, however, setting forth no other facts. It is further. alleged that no affidavit was ever made nor produced to the sheriff showing the amount due, or claimed to be due, upon the judgment, and that Finnegan never had or claimed any right to redeem, except under that judgment. The prayer of the complaint is that the pretended redemption be adjudged void; that the defendant be barred from claiming any title or interest; and for general relief.

The action is in the nature of a suit in equity to remove a cloud upon title, and not one under the statute to determine adverse claims, and the question whether, upon the allegations of the complaint, the action can be maintained, must be determined upon the principles applicable to such suits. The certificate of redemption to remove which, as a cloud upon the title, is the principal object of the action, is claimed to have been invalid because it did not state, as required by statute, upon what claims such redemption was made, nor the amount claimed to be due upon the lien under which the redemption was in fact attempted to be made. These defects, however, are apparent on the face of the certificate itself, and there is no other instrument evidencing the attempted redemption. For that reason, unless we are to now depart from the rule which has hitherto prevailed in this state and generally in the American courts, such an instrument will be deemed not to be a cloud upon the title, and, in general, such an action as this will not lie to remove it. *Weller* v. *City of St. Paul,* 5 Minn. 70, (95;) *Scribner* v. *Allen,* 12 Minn. 85, (148;) *Conkey* v. *Dike,* 17 Minn. 434, (457, 463;) *Baldwin* v. *Canfield,* 26 Minn. 43, (1 N. W. Rep. 261;) *Gilman* v. *Van Brunt,* 29 Minn. 271, (13 N. W. Rep. 125.) It is, perhaps, questionable whether the better reason is not in favor of a different or modified rule; but however this may be, the law is so well established by the great weight of au-

thority, and the statutory action to determine adverse claims is so available a remedy in such cases, (whenever the action of ejectment will not lie,) that there seems to be no sufficient reason why we should not adhere to the rule which has been long settled by the decisions of this court, and in accordance with the generally prevailing doctrine.

It is further urged that the action is maintainable to set aside the judgment as a cloud upon the plaintiff's title. But the judgment, being junior to the recording of the mortgage, was subject to it. The property having been sold upon the mortgage foreclosure, the judgment was available to affect this land only as it gave the judgment creditor a right to redeem from the foreclosure sale. The time within which that could be done had passed when this action was commenced; and, unless it appears that a redemption effectual to cloud the title had been made, there could be no reason for this plaintiff to ask relief with respect to the judgment. Of course, if the redemption certificate was void for reasons appearing upon its face, the fact that it might also be avoided for other defects, which could be shown only by extraneous evidence, would not affect the result of the prevailing rule of equity to which we have referred.

It is further urged that a remedy in the nature of an injunction to prevent a cloud upon the title may be had under the complaint. An action for such a purpose may be entertained; but it must appear that proceedings are contemplated or threatened on the part of the defendant which will cloud the title. It is not enough that the complaint show that such a course *may* be pursued. *Sanders* v. *Village of Yonkers*, 63 N. Y. 489. This complaint was probably not framed with a view to such relief, and it is wanting in averments showing a necessity for the preventive interference of the court. There is perhaps reason to infer from what has been done that further steps may be taken to cloud the title, but the complaint contains no averments upon the subject.

Order reversed.


MITCHELL, J., (*dissenting*.) I am unable to concur in the doctrine that an action to remove a cloud from title will not lie merely be-

cause the instrument constituting the alleged cloud is void for defects appearing on its face. I am aware that it is supported by a long line of venerable authorities which this court has followed in several cases. The old reason assigned for the rule was that, if the defects appear on the face of the instrument, no reason existed for equitable interference, because it could not be said that any cloud whatever is cast upon the title. Whatever technical reason for such a rule might have existed when law and equity jurisdictions were separate, no reason now exists for its continuance. The rule is based wholly on what Mr. Pomeroy calls verbal logic, and not upon any principle of justice or common sense. Every business man knows that an instrument may be so .serious a cloud that no lawyer would pass the title, and no man buy the property, and yet a court, after grave deliberation, might hold that the instrument was void on its face, and then, perhaps, it would be void only because the court said so. To allow a defendant to commit legal suicide by urging that the instrument under which he claims is void, and for the court to hold on that ground that the plaintiff needs no relief, although his title is seriously clouded in fact, is neither just nor reasonable. The docrine is seriously criticised by some of the best text-writers, and has been repudiated by some respectable authorities. It serves no good purpose, but, on the contrary, often results in a denial of justice. Under these circumstances, it not being a rule of property, but merely one of practice, I think the sooner we emancipate ourselves from it the better it will be for the credit of the court, and for the proper administration of justice.

Waiving this question, however, I still think that the complaint, although not a model of good pleading, states a cause of action. It seems to me that the opinion of the court proceeds upon the erroneous assumption that this is an action merely to set aside this certificate of redemption. On the contrary, I construe it as one to set aside and have declared void an illegal *redemption,* which has been in fact made, and under which defendants claim title. A certificate is merely evidence of a redemption, and if the one already issued is defective in form, there is nothing to prevent the issuing of another. The real cloud on plaintiff's title, and the one which he asks to have set aside,

is the redemption itself, which is void because of the invalidity of the judgment under which it was made, for a cause not apparent from the transcript filed in the district court. I do not see why the complaint does not state a cause of action on that ground.

In view of all the facts alleged, and particularly that the defendant Finnegan has made a redemption by paying his money to the sheriff, and has taken the certificate, and that he and his grantees *are now claiming title under such redemption*, it seems to me rather strained to say that the complaint is insufficient because it does not state in so many words that defendants will continue to assert title, and that, if this certificate be held void, they will procure another one, and therefore they may abandon their claim.