BOVEY DE LAITTRE LUMBER Co. *vs.* H. E. TUCKER *et al.*

Submitted on briefs Jan. 13, 1892.   Decided Jan. 25, 1892.

**Redemption from Sale, in Suit on Mechanic's Lien.**—Under 1878 G. S. ch. 90, there was the same right of redemption from a sale foreclosing a mechanic's lien as in case of foreclosure of a mortgage by action.

**Notice of Intention to Redeem, Where Filed.**—Under 1878 G. S. ch. 81, notice of intention to redeem from a sale in a foreclosure by action must be filed with the clerk of the court.

**Shortage in Amount Paid.**—Where the redemptioner, on making redemption, pays to the sheriff a gross sum for the redemption and sheriff's fees, and it is accepted by the sheriff as sufficient, and the sum is enough to satisfy the purchaser's claim, it is a good redemption; the shortage, if any, must be deducted from the sheriff's fees.

**Last Day for Redemption—Sunday.**—The last day of the year from the confirmation of the sale falling on Sunday, the last day for the owner to redeem is Monday.   A mortgage executed by the owner on that day is a lien, and gives the mortgagee a right to file notice and redeem.

**Notice—Assignee has Benefit of.**—Where a mortgagee who has filed notice of intention to redeem assigns the mortgage, the assignee may redeem under the notice so filed.

**Purchaser and Subsequent Mortgagee.**—The purchaser at a foreclosure sale is not in position to question the *bona fides* of a mortgage subsequently executed by the owner.

**Final Decree for Redeeming Creditor.**—1878 G. S. ch. 81, § 36, providing for final decree upon foreclosure, includes, as entitled to it, those who succeed to the purchaser's rights by redemption.

Appeal by James L. Lombard from a final decree of the district court, Hennepin county, *Pond*, J., made June 27, 1891, under 1878 G. S. ch. 81, § 36, and ch. 90, § 8.

Bovey De Laittre Lumber Company, a corporation, brought an action in the district court, Hennepin county, against H. E. Tucker, James L. Lombard, and others to foreclose a lien upon two lots in Elwell's addition, Minneapolis, for lumber sold Tucker, and used in building a house thereon.   Judgment was entered in the action,

March 17, 1890, that said corporation recover of H. E. Tucker $646.33, that this sum was a lien on said lots prior to any lien that Lombard held, and that the lots be sold to pay the judgment. The lots were sold by the sheriff, May 19, 1890, and Lombard purchased them at the sale for $678.65, and the court confirmed the sale by order entered May 24, 1890. Tucker did not redeem, but he and wife, on Monday, May 25, 1891, made a mortgage on the lots to R. S. Pearse, Jr., for two dollars, and Pearse on the same day filed with the clerk notice of his intention to redeem. Peter Wolford also filed notice of intention to redeem by virtue of a judgment recovered January 2, 1891, against Tucker. Pearse assigned his mortgage, June 4, 1891, to Chester Sloanaker, and on the same day Sloanaker redeemed the property from the sheriff's sale by paying to the sheriff $735, and taking a certificate of redemption. Wolford made no redemption.

Sloanaker, upon notice to all interested, applied to the court, June 27, 1891, for a final decree, adjudging the title to the lots to be in him free and clear from all claims and equity of redemption on the part of any of the parties to the action or others claiming through or under them. Lombard appeared and opposed, but the court granted the decree, and Lombard appealed.

*George E. Budd*, for appellant.

The right of redemption after sale depends wholly on the statute. No such right exists unless our statute gives it. The only provision of statute is 1878 G. S. ch. 90, § 8, which provides that any person holding a lien may proceed to obtain judgment and enforce the same in the same manner as in actions for foreclosing mortgages upon real estate. Enforcing a judgment in the same manner as in foreclosing a mortgage does not imply giving any right to redeem. This is evident from the fact that section ten (10) gives a right to redeem in certain cases, and also by the further fact that our present lien law of 1889 gives the right in all cases. Hence we conclude that prior to 1889 there was no right to redeem under sales in foreclosing mechanics' liens in any case except when railways and their franchises were sold.

If there is a right to redeem, it is governed by the law relating to redemptions from sales on mortgage foreclosure by action, inasmuch

as the sale is governed by the statute relating to such sales. 1878 G. S. ch. 90, § 8, and ch. 81, § 34, as amended by Laws 1883, ch. 25, § 1. The notice should have been filed with the register of deeds. There is no provision in the statutes concerning the order in which creditors shall redeem, except in 1878 G. S. ch. 81, § 16; hence to find out in what order creditors may redeem we are obliged to use this section sixteen, (16,) and, if part of this section applies, why not the whole section? As the notice of intention to redeem was not filed with the register of deeds, it was ineffectual.

No redemption can be made unless the full amount due on the certificate of sale, with legal interest, be paid. The property sold for $678.65, May 19, 1890. The attempt to redeem was made by Sloanaker on June 4, 1891. The interest at 7 per cent. for 1 year and 15 days is $49.46; total, $728.11. He paid $735 to the sheriff, but $7.28 thereof was sheriff's fee for services on the redemption, leaving a deficit of 39 cents. The precise sum due should have been paid. *Horton* v. *Maffitt,* 14 Minn. 289, (Gil. 216;) *Boyden* v. *Moore,* 5 Mass. 365; *Dickerson* v. *Hayes,* 26 Minn. 100; *Ringle* v. *First Nat. Bank,* 107 Ind. 425; *Hughart* v. *Lenburg,* 45 Ind. 498, 500; *Mitchell* v. *Brown,* 6 Cold. 505; *Southard* v. *Pope's Ex'r,* 9 B. Mon. 261.

To make this decree the district court had to determine whether or not the mortgage given to Pearse was a valid lien, and whether he sold and assigned it to Sloanaker. These questions of fact should not be tried on *ex parte* affidavits.

*Boardman & Boutelle,* for respondent.

There is nothing in the language of our statutes relating to redemptions from sales which inhibits the interposition of a court of equity to relieve the party attempting to redeem, in a proper case, from the consequences of a mistake of fact. Courts of equity have jurisdiction in such cases. The mistake of a few cents in the amount due was properly corrected by the court below. *Hall* v. *Fisher,* 9 Barb. 17; *Abbot* v. *Banfield,* 43 N. H. 152; *Wakefield* v. *Rotherham,* 67 Iowa, 444; *Ex parte Becker,* 4 Hill, 613.

The right of redemption having become a vested right, and an incident to the Pearse mortgage, by the failure of the owner to re-

v.48м.—15

deem, passed by the assignment of the mortgage.    3 Pom. Eq. Jur.
§§ 1209, 1210; 1 Jones, Mortg. § 829.

GILFILLAN, C. J.    This is an action to foreclose a mechanic's lien.
Judgment determining the amount due on the lien and directing a
sale of the property to satisfy it was entered.    A sale was made and
confirmed by the court May 24, 1890.    At the sale the defendant
Lombard was the purchaser.    The 24th of May, 1891, fell on Sun-
day, so that the last day for the owner to redeem was the 25th.    On
that day one Wolford, a judgment creditor of the owner, filed notice
of intention to redeem.    On the same day the owner executed to one
Pearse a mortgage for two dollars on the premises, which mortgage
was duly recorded that day, and on the same day the mortgagee filed
with the clerk of the court notice of intention to redeem under the
mortgage.    June 4th Pearse assigned the mortgage to the respondent,
Sloanaker, who the same day, neither the owner nor Wolford having
redeemed, presented to the sheriff the proper papers to show his
right to redeem, and paid him for that purpose and for sheriff's fees
for redemption $735, which was 39 cents less than the aggregate of
the sum bid at the sale, the interest on it, and the sheriff's fees.
Thereupon the sheriff executed to him the usual certificate of redemp-
tion.    June 16th Sloanaker gave notice of an application for a final
decree vesting the title in him.    On this application Lombard filed
an affidavit opposing, stating, among other things, that the mortgage
to Pearse was not a *bona fide* mortgage; that there was no valuable
or *bona fide* consideration for it; and that it was made with the un-
derstanding between the parties to it that whatever was done under
or by virtue of it should be for the use or inure to the benefit of the
mortgagor, and he asked for a stay of the proceeding to give him an
opportunity to bring an action to test the validity of the mortgage.
The court did not grant the stay, but allowed Sloanaker to pay the
39 cents to the sheriff, and granted the final decree, from which
Lombard appealed.    He makes these objections to the decree:    *First*.
There is no right of redemption from foreclosure of mechanics' liens.
*Second*.    If there be a right of redemption, the notice of intention to
redeem must be filed with the register of deeds.    *Third*.    The re-
demption was void, because not enough was paid to the sheriff.

*Fourth.* The mortgage to Pearse created no lien, because one year from the confirmation of the sale had expired before it was executed. *Fifth.* Sloanaker could not redeem, because he filed no notice of intention to redeem; in other words, he could not redeem under the notice filed by his assignor, Pearse. *Sixth.* The mortgage to Pearse was invalid, and no lien, for the reason stated in the affidavit filed by Lombard. *Seventh.* There can be no final decree except on application of the purchaser, or one to whom he has made a conventional assignment, and where there has been no redemption.

The action to foreclose the lien was brought under 1878 G. S. ch. 90. Sections ten (10) and eleven (11) of that chapter contain special provisions in cases of liens against railroads, cases where the estate of the owner erecting the building is only equitable, and cases where the property will not sell after having been duly offered. In ordinary cases the only procedure provided is by section eight, (8:) "Any person holding a lien under the provisions of the preceding sections may proceed to obtain judgment, and enforce the same, in the same manner as in actions for the foreclosing of mortgages upon real estate." The procedure is to be the same, not only to the obtaining of judgment, but to enforcing it when obtained. It is to be enforced by sale of the property, in the same manner as in actions to foreclose mortgages. In those actions the sale is conditional, subject to be defeated, or the interest of the purchaser transferred, by redemption. An absolute sale would be an important departure from the manner of enforcing the judgment in such an action, and would be unauthorized by the statute regulating the manner of enforcing it. In general, the policy of the law is to make enforced sales of real estate to satisfy debts, not absolute, but subject to redemption. It so provides in cases of execution sales, sales under powers in mortgages, sales in actions to foreclose, and sales for taxes. It cannot be supposed that the legislature, in adopting, without exception for mechanic's lien cases, the provisions of law regulating the obtaining and enforcing of judgments in actions to foreclose mortgages, did not intend to adopt also the provisions with reference to a matter deemed so important, not only to the owner, but to the holders of subsequent liens, as the right to redeem. Those provisions were

adopted with the others regulating proceedings in foreclosure actions. The proposition that the notice of intention to redeem must be filed with the register of deeds is based on the argument that, unless the provisions of 1878 G. S. ch. 81, § 16, (that section being in title one, [1,] which is devoted to foreclosure under powers,) be applied to foreclosures by action, (which are regulated in title two, [2,]) there is no provision as to the order in which creditors may redeem, and that, if any of section sixteen (16) be applied in actions, the whole of it, including the provision that the notice of intention to redeem shall be filed with the register of deeds, must be applied. Section thirty-five (35) (being in title two [2]) provides that certain sections, (in title one, [1,]) sixteen (16) not being one of them, shall apply to the proceedings under title two, (2;) and section thirty-four (34) (in title two [2]) provides that creditors may redeem in the order and manner specified in title one, (1.) This would adopt for actions the provisions of section sixteen, (16,) so far as relate to the order and manner of redeeming, but no further; and the express provision in section thirty-four, (34,) that the notice of intention to redeem shall be filed with the clerk, excludes the provisions of section sixteen, (16,) requiring it, upon foreclosures under powers, to be filed with the register, even though, in the absence of that provision in section thirty-four, (34,) it might be held that the provisions as to notice relate to the manner of redeeming, instead of merely to the securing or preserving the right to redeem, in the order and manner prescribed.

The court below found as a fact that the sheriff accepted the $735 paid him in full payment of the amount required to redeem and his fees for making redemption, from which we understand that respondent tendered that gross sum, as all that was necessary for him to pay, to make redemption, including the sheriff's fees; and that it was so accepted by the sheriff. The application for a final decree is not a collateral proceeding, and it was competent for the court, notwithstanding what might be stated in the sheriff's certificate, no one having acted in reliance upon its statements, to ascertain what was the fact. Had the amount so tendered been less than the amount to which the purchaser was entitled, or had the respond-

ent made the distribution himself, paying so much for the purchaser and so much for sheriff's fees, and the amount paid for the purchaser had been less than he was entitled to, there would not have been a good redemption. But, there being more than enough to satisfy the purchaser's claim, we think the court below was right in its conclusion of law "that, inasmuch as the sheriff accepted said sum as covering the full amount required to redeem and his fees, if any shortage exists it must be deducted from his fees, and not from the amount the holder of the certificate of sale is entitled to demand." If the sheriff should not get the full amount of his fees, that does not concern the purchaser, but is a matter between the sheriff and the redemptioner. So long as the owner had a conveyable interest he could mortgage it. In case of a sale subject to right of redemption the owner has a conveyable interest till it is cut off by expiration of the time allowed him to redeem. The mortgage to Pearse was executed within that time, and was therefore valid.

The assignment by Pearse to Sloanaker transferred the mortgage and all rights incident to it, including the right to redeem, secured by the assignor filing notice of intention to redeem. That right was not personal. It belonged to the mortgage lien.

We do not see how Lombard is in position to question the *bona fides* of the mortgage. It did not prejudice him. His only relation to the property was that of purchaser at the sale, which gave him the right to receive back his money and interest if redemption were made, and to hold the land if it were not. Of that right no one could deprive him, and it was not impaired by the mortgage. It is true, the mortgage increased the chances of redemption, as it increased the number of persons entitled to redeem, and it correspondingly diminished the probability of the purchaser holding the land; but that is no ground of objection to it. If it were, it would apply equally to any mortgage or judgment lien acquired after the sale.

The last point made by appellant requires a construction of section thirty-six, (36,) chapter eighty-one, (81.) It provides that "at the expiration of the time allowed for redemption, and no one redeeming, the court, upon the application of the purchaser or his assigns, shall grant a final decree," "and shall adjudge and decree that

the title to said premises is in said purchaser or his assigns, free and clear of all equity of redemption on the part of any one who is a party to the judgment," and that the decree, being recorded, "shall be effectual to pass the title to the same as against the parties aforesaid." Section fifteen (15) provides that a redemption by the owner, his heirs or assigns, shall annul the sale. If a lien creditor redeem, the certificate (of redemption) operates as an assignment to him of the right acquired under such sale. Does the word "assigns," in section thirty-six, (36,) include one whose certificate operates, according to section fifteen, (15,) as an assignment to him of the right acquired under the sale? And does the phrase "the right acquired under the sale" include the right to a final decree? And does the phrase "no one redeeming" include a redemption which operates to assign the right acquired at the sale, or only such as annuls the sale? As we can see no reason why the purchaser, or one claiming from him by a conventional assignment, should have the assurance of title afforded by the final decree that does not with equal, if not greater, force apply to the case of one succeeding to the purchaser's right by redemption, we think the first two questions must be answered in the affirmative, and that the words "no one redeeming" must be held to refer to a redemption which annuls the sale. On such a redemption there could not be a final decree such as the section provides for.

Decree and order affirmed.

(Opinion published 50 N. W. Rep. 1038.)