PATRICK MOGAN *et al. vs.* JOSEPHINE A. CARTER *et al.*

Argued Dec. 10, 1891.  Decided March 7, 1892.

Practice—Laws 1870, ch. 57, Construed.—Laws 1870, ch. 57, entitled "An act relating to parties to civil actions," must be construed in conformity with the purpose, and subject thereof, as expressed by its title. So construed, it was not intended to give any new remedy or form of action against adverse claimants to real estate, but is simply a regulation of practice in respect to the joinder of parties, where there is one general right to be established, common to all. MITCHELL, J., dissenting.

Appeal by defendant Michael A. Harmon from an order of the district court of Hennepin county, *Smith*, J., made June 22, 1891, overruling his demurrer to the complaint.

The plaintiff Patrick Mogan and thirty-four others filed their complaint against Josephine A. Carter, Michael A. Harmon, and John

H. Burke, defendants, alleging that each plaintiff owned in severalty and was in the actual possession of a lot in Carter's addition to Minneapolis; that E. W. Cutter was on June 1, 1874, the owner of all said thirty-five lots, and on that day conveyed them to Frederick G. Mayo, and took back from him a mortgage thereon to secure the payment of $3,000, part of the purchase price; that the debt was not paid, and on January 7, 1882, the mortgage was duly foreclosed and the lots sold, and that no redemption was made; that the plaintiffs are the grantees, severally, of the purchaser at the foreclosure sale; and that all of them claim and hold under him, as the common source of their titles.

The complaint further states that a judgment was recovered in the district court against Mayo after the execution and record of the mortgage, and that the defendant Burke had purchased the judgment, and had caused a writ of execution to be issued thereon, and these lots to be sold under it, and had bid them in, and, claiming title to them under his purchase, had conveyed a part of the lots to the other defendants. The prayer of the complaint is that the court will determine this adverse claim of defendants, and adjudge that they have no interest, right, or estate in the lots, or any of them.

The defendant Harmon demurred to this complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and he appealed. The act upon which this question turned is set forth in the margin.[1]

*Akers & Lancaster,* for appellant, cited *Walton* v. *Perkins,* 28 Minn. 413, and *Maloney* v. *Finnegan,* 38 Minn. 70, and contended that Laws 1870, ch. 57, (1878 G. S. ch. 75, § 4,) did not give a cause

---

[1] CHAPTER 57.

AN ACT RELATING TO PARTIES IN CIVIL ACTIONS.

*Be it enacted by the Legislature of the State of Minnesota:*

Section 1. Whenever lots or tracts of real estate are claimed in severalty by two or more persons from or under conveyance from the same grantor as the common source of title, and a claim or title thereto is set up or made by any one else as against the title of such grantor, any one claiming under such grantor may bring an action on behalf of himself and all others who may come in and become parties to such action, against the person so claiming adversely, to have the title of such grantor perfected, settled, or quieted, as to the lots or real estate claimed by the plaintiff and others who

of action, but merely provided who might be joined as plaintiffs; that the complaint set forth no real cloud or defect in plaintiffs' title; that equitable relief was unnecessary.

*R. B. Forest,* for respondents.

The complaint is based upon Laws 1870, ch. 57, and is to quiet the title of the several plaintiffs. It is true that it does not disclose a cloud on their title, under the former rules in equity, but this statute (Laws 1870, ch. 57) has given the right to an action without such a disclosure.

VANDERBURGH, J. This case involves the construction of Laws 1870, ch. 57, entitled " An act relating to parties to civil actions," and provides for the joinder, as plaintiffs, of several parties, claiming under a common grantor, in actions to have the title of such grantor quieted as against parties claiming adversely to such title. We should not, perhaps, be adverse to giving this act the construction claimed for it by the plaintiffs, as being intended to provide a new and convenient remedy against such adverse claimants in actions brought in the form in which this action is brought, wherein the nature of such adverse claim is specifically set forth, in connection with the title of the plaintiff's grantor, if such construction were permissible. But it is not. The act must be given a narrower construction, in conformity with the purpose and subject thereof as indicated by its title. So construed, it is simply a regulation or modification of a rule of practice already existing in equity, to enable a controversy involving questions common to several parties to be determined in one suit, in the nature of a "bill of peace." The general object of bills of peace is to avoid a multiplicity of suits, and a large number of persons may be joined, where there is one general right to be established in favor

may become parties to the action, and in such action any person who claims title to property by conveyance from or under the same grantor or common source as the plaintiff, and when title thereto is disputed or controverted by the same defendant upon the same ground as that of the plaintiff, may come in as of course and become a party in such action, by filing a statement therein in the form of a complaint, setting forth the property he claims, and his source of title, and may have his rights adjudicated the same as the plaintiff who commenced the action. The answer of the defendant to the complaint of the plaintiff shall be taken and considered as an answer also to all who may thus come in and become parties to such action.

Sec. 2. This act shall take effect and be in force from and after its passage.

Approved March 1, 1870.

of or against them. By this act, when two or more persons claim under the common grantor, any one may bring suit on behalf of himself and all others who may come in and become parties, etc. The complaint is not framed so as to bring the case within 1878 G. S. ch. 75, § 2, in relation to adverse claims, but the action is an equitable one, to quiet the title of plaintiffs by the judgment of the court removing the alleged cloud. But the complaint shows that the plaintiffs have title to the premises, and that the title claimed by the defendants is clearly shown by the records to be subordinate to that of plaintiffs, and invalid. An action to remove the cloud cast by defendants' deeds, or, what is the same thing, to quiet the title, is unnecessary, for there is no such cloud as to call the power of the court into exercise. Story, Eq. Jur. § 700a. It is apparent, if the complaint is true, that the public records disclose that the plaintiffs' title cannot be disturbed by the defendants.

Order reversed, and case remanded for further proceedings.

MITCHELL, J. I dissent, for the reasons given by me in *Maloney* v. *Finnegan*, 38 Minn. 70, (35 N. W. Rep. 723.)

(Opinion published 51 N. W. Rep. 614.)