NEW ENGLAND MUTUAL LIFE INS. COMPANY v. AUGUSTUS R. CAPEHART and Others.[1]

December 9, 1895.

Nos. 9697—(232).

**Foreclosure of Mortgage—Transfer of Equity—Redemption—Cloud on Title.**

After the sale of a lot to the plaintiff upon the foreclosure of its mortgage thereon, the defendant mortgagor, for the sole purpose of extending his time for the redemption of the premises 500 days, procured his equity therein to

[1] Reported in 65 N. W. 258.

be transferred to a third party, and received from such party 100 separate and independent mortgages, which were recorded at different hours in the office of the register of deeds of the proper county, and filed therein 100 independent notices of his intention to redeem the lot from such sale. *Held,*. distinguishing Bovey De Laittre Lumber Co. v. Tucker, 48 Minn. 223, that the mortgages and notices were void as to the plaintiff, a cloud upon its title,. and that it can maintain this action for the removal of the cloud.

Appeal by defendant Capehart from an order of the district court for Ramsey county, Otis, J., denying a motion for a new trial and also denying a motion to amend the findings and conclusions of law. Affirmed.

*Michael & Peebles*, for appellant.

*Flandrau, Squires & Cutcheon*, for respondent.

START, C. J.    This is an action to remove a cloud from the title of the plaintiff to the lot described in the complaint.    Findings of fact, and conclusions of law, and order for judgment in favor of the plaintiff canceling the cloud, were made by the trial court, and from an order denying his motion for a new trial the defendant Capehart appealed.

The district court found, among other facts not here material: That on December 9, 1888, the defendant Capehart was the owner of the lot, and on that day duly executed to the plaintiff a mortgage thereon, which was duly foreclosed on November 25, 1893, and the lot sold to the plaintiff for the sum of $18,924.58, being the full amount then due on the mortgage.    That prior to this foreclosure and on October 14, 1893, the defendant Capehart conveyed the lot, without any consideration therefor, to the defendant Williams, to be held in trust and disposed of for the benefit of Capehart.    Afterwards and on November 13, 1894, Williams, at the request of Capehart, executed to the defendant McIntire a contract to convey the lot, which was duly recorded; and on November 22 following, Williams executed a deed (which has not been recorded) of the lot to McIntire, without consideration, for the sole purpose hereinafter stated.    After the delivery of the contract, and between November 13 and 24, 1894, inclusive, McIntire, at the request and procurement of Capehart, executed to him 100 separate and independent mortgages upon the lot, each accompanied by McIntire's note to him

of the same date and amount as the mortgage. These mortgages varied in amounts from $50 to $1,025 each, and were duly filed and recorded in the office of the register of deeds of the proper county, at successive intervals of about one hour. On November 24, 1894, Capehart, claiming a right of redemption from the mortgage sale of the lot to the plaintiff, by virtue of the 100 mortgages so executed to him, duly filed in the office of the register of deeds 100 separate and independent notices of intention to redeem, as such mortgagee, the lot from the foreclosure sale, and now claims the right by virtue of such notices, to make such redemption at any time within 500 days next after the expiration of the time allowed by law to him as owner to redeem from the sale.

The contract and deed to McIntire, the notes and mortgages to Capehart, and notices of intention to redeem, were all made and executed by the procurement of Capehart, for the sole purpose of bringing about and securing to himself a further extension of his right of redemption from such sale, and of evading the statutes in such case made and provided. The sole purpose and intent of both Capehart and McIntire in the premises were to secure to the former, as owner of the lot subject to the plaintiff's mortgage foreclosure, an extension of his time in which to make redemption therefrom, for the period of 500 days. The plaintiff went into possession of the lot at the expiration of the year allowed to the owner in which to redeem, and is now in possession thereof.

The only important question raised by the assignments of error is whether or not these facts sustain the conclusion of law of the trial court to the effect that the 100 mortgages to the defendant Capehart, and his notices of an intention to redeem based thereon, are, as to the plaintiff, void, and a cloud on his title to the lot. If the mortgages and notices to redeem are void, they are a cloud on the plaintiff's title, and this action can be maintained to remove it, even under the strict equity rule recognized by a majority of the court in the case of Maloney v. Finnegan, 38 Minn. 70, 35 N. W. 723; for upon their face they create an apparent outstanding right of redemption, and resort must be had to extraneous evidence to show their real character, purpose, and invalidity.

The necessary inference from the facts found by the trial court is that the procuring of the mortgages and filing of these notices

to redeem by the defendant Capehart were not bona fide transactions, but were resorted to by him for the sole purpose of evading the statute relating to redemptions from foreclosure sales.[2]  They were simply a scheme to extend his time of redemption 500 days beyond the limit fixed by the statute for him to redeem as owner. Such attempted extension of the time for the redemption of the lot necessarily prejudiced the plaintiff, the purchaser at the foreclosure sale, because for a period of more than 16 months the plaintiff cannot, with safety, either sell or improve the lot, for its title may be defeated by a redemption.

If the right to redeem may be extended by the method adopted in this case 16 months, it may in the same way be extended 16 years. Our redemption laws are remedial in their nature, and are to be liberally construed, but they cannot be construed so as to sanction the transaction in question, and the conclusion of the trial court that it was void was correct.  In so deciding, it is not our intention to lay down any general rule, but simply to hold that this particular transaction is so manifestly a mere device to secure that which the party is not legally or equitably entitled to that it would be a violation of the spirit of the redemption laws, and a reproach to the administration of justice, to give it any legal effect.  A mortgagor may convey his equity of redemption, and take back a mortgage to himself, and redeem as a creditor five days after the expiration of the year allowed the owner in which to redeem, but he may not divide the supposed value of his equity into 100 or 1,000 parts, and create a separate lien on the mortgaged premises for each part, for the sole purpose of extending his time of redemption 500 or 5,000 days, as the case may be.

It is, however, claimed by the defendant that it is no concern of a purchaser of real property at a mortgage foreclosure sale what fraud is committed upon the redemption laws by the mortgagor, or those claiming under him, because it cannot prejudice his right, which is simply to receive the money paid by him at the sale, or an absolute title to the land if a redemption is not made.  This is not an accurate statement of the rights of a purchaser at a foreclosure sale, for, by the sale, the mortgage is paid, whether the purchaser is the mortgagee or a third party, and the purchaser acquires the absolute title to the land, unless it is redeemed within the time al-

[2] G. S. 1894, § 6041.

lowed by law.    He has a right to know,—and it is a substantial right,—at the expiration of the time fixed by law, whether he is to receive his money or become the absolute owner of the land.    If, by any device of the mortgagor, this time is materially extended, the rights of the purchaser are legally impaired.

There is a clean-cut distinction between increasing the number of persons entitled to redeem, and thereby correspondingly increasing the probability of a redemption within the time allowed by law, and extending such time indefinitely, by splitting a supposed claim into 100 different parts, and creating an apparent and separate lien on the mortgaged premises to secure each part.

The former is the case of Bovey De Laittre Lumber Co. v. Tucker, 48 Minn. 223, 50 N. W. 1038, relied on by the defendant; while the latter is the case at bar.    The cases are clearly distinguishable. The language of the opinion in the case to which we have referred, when read without any reference to the question before the court, would seem to support the contention of counsel.    But all that was decided in that case was that the purchaser's rights were not impaired by the owner of the equity giving a mortgage on the premises, whereby a third party was enabled to redeem the property as a creditor having a lien within the time allowed by law, because the purchaser took his title subject to such redemption; and that the giving of the mortgage by the owner simply increased the probabilities that the right would be exercised (it did not materially extend it), and therefore, there being no impairment of the purchaser's rights, he was not in a position to challenge the bona fides of the mortgage.    The case cannot properly be regarded as an authority against the proposition that where the mortgagor conveys his equity of redemption, and divides the supposed purchase price into several parts, and takes a separate mortgage on the premises to secure each part, for the sole purpose of materially extending his time for redemption of the premises, the rights of the purchaser at the mortgage sale are impaired, and he may question the bona fides of the subsequent mortgages.

The other assignments of error have been considered, and we are satisfied that no prejudicial errors were committed on the trial of the action.    It was not error for the trial court to refuse to find specifically the value of the premises, for their value was only mate-

rial as an item of evidence, tending to show a consideration for the defendant's mortgages.

Order affirmed.