JOSEPH E. HUGHES v. ADAM OLSON and Another.

November 14, 1898.

Nos. 11,434—(98).

**Redemption from Foreclosure—Right of Purchaser—Void Judgment.**
A purchaser at a mortgage foreclosure sale has a right to acquire absolute title to the premises, unless they are redeemed, within the time allowed by law, by one who has a right, under the statute, to redeem. He may, therefore, dispute the right of a proposed redemptioner to redeem; and, where the latter proposes to redeem as a judgment creditor of the mortgagor, he may attack the judgment as being absolutely void.

Action in the district court for Swift county to enjoin defendants from redeeming under a void judgment from a mortgage foreclosure sale. The complaint alleged that prior to the entry of judgment no action was commenced against the mortgagor and that she "never appeared in any manner or consented to said proceedings or said judgment; * * * that said judgment was given and entered without jurisdiction and without the service of a summons on said" mortgagor "and is absolutely null and void." When the case was called for trial, the court, Qvale, J., granted defendants' motion for judgment in their favor on the pleadings and for a dismissal of the action. From an order denying a motion for a new trial, plaintiff appealed. Reversed.

*T. F. Young,* for appellant.

The remedy by injunction is proper. 6 Am. & Eng. Enc. (2d Ed.) 159; Arnold v. Hawley, 67 Iowa, 313; Warnick v. Latta, 44 Neb. 807; Conkey v. Dike, 17 Minn. 434 (457); High, Inj. (2d Ed.) § 372; Minnesota Linseed Oil Co. v. Palmer, 20 Minn. 424 (468). The judgment was void for want of jurisdiction, and was a nullity. Black, Judg. §§ 170, 218; 1 Freeman, Judg. §§ 117, 337; 12 Am. & Eng. Enc. 311; Kitsmiller v. Kitchen, 24 Iowa, 163; Isaacs v. Price, 2 Dill. 347;

Elliott v. Peirsol, 1 Pet. 328; Williamson v. Berry, 8 How. 495. In seeking relief from such a judgment, it is not necessary to disclose merits. What would have been required of a party to the judgment when equity and law were administered in separate courts has little application now. Mackubin v. Smith, 5 Minn. 296 (367); Heffner v. Gunz, 29 Minn. 108; Stocking v. Hanson, 35 Minn. 207; Magin v. Lamb, 43 Minn. 80; Savings Bk. of St. Paul v. Authier, 52 Minn. 80. The purchaser at foreclosure sale obtains title, subject only to redemption by the owner or the holder of a valid lien.

*Foland & McCune*, for respondents.

A stranger is not allowed to attack a judgment unless he will be prejudiced in respect to a pre-existing right. Freeman, Judg. (3d Ed.) §§ 91, 335; Packard v. Smith, 9 Wis. 165. Plaintiff cannot attack this judgment without showing the judgment debtor had a valid defense. Black, Judg. §§ 377, 393; Fickes v. Vick, 50 Neb. 401; Janes v. Howell, 37 Neb. 320; Combs v. Hamlin, 58 Ill. App. 123; Poor v. Tuston, 53 Kan. 86; Newman v. Taylor, 69 Miss. 670. Plaintiff had an adequate remedy at law. Minnesota Linseed Oil Co. v. Maginnis, 32 Minn. 193; Normandin v. Mackey, 38 Minn. 417; Weber v. Timlin, 37 Minn. 274. The judgment having remained undisturbed for two years, the court is presumed to have had jurisdiction. G. S. 1894, § 5029. No right of plaintiff was impaired by the judgment. Bovey-De L. Lumber Co. v. Tucker, 48 Minn. 223. The statute providing for redemption should not be narrowly construed. Martin v. Sprague, 29 Minn. 53.

MITCHELL, J.

The plaintiff, the purchaser at a mortgage foreclosure sale, brought this action to enjoin the defendants from redeeming from the sale under a void judgment purporting to have been rendered in their favor against the mortgagor. If the allegations of the complaint are true, the pretended judgment is absolutely void for want of jurisdiction of the person against whom it was rendered. The trial court ordered judgment on the pleadings in favor of the defendants. This must have been done on the ground that the complaint did not state a cause of action.

The judge filed no memorandum stating wherein the complaint was insufficient, and the only reasons urged by counsel in support of the ruling of the court are: (1) That even if the judgment under which defendants propose to redeem is void, the plaintiff will not be injured by the redemption, because he will get back his purchase money and interest; and (2) the plaintiff being a stranger to the judgment, he has no right to attack it. The first of these contentions is based upon what was said in Bovey-De L. Lumber Co. v. Tucker, 48 Minn. 223, 50 N. W. 1038. Some language was used in the opinion in that case which, if detached from the context, and read without reference to the facts to which it was applied, might seem to sustain the contention. It is not true that the only right of a purchaser at a mortgage sale is to receive back his purchase money and interest. He has the right to acquire absolute title to the land, unless it is redeemed within the time allowed by law by one who has a right under the statute to redeem; and he cannot be deprived of this right by one who is not a lawful redemptioner. If the law was otherwise, anybody and everybody might redeem, without the purchaser being able to question their right to do so. New England M. L. Ins. Co. v. Capehart, 63 Minn. 120, 65 N. W. 258.

2. This void judgment, if given credit and effect, would prejudice the plaintiff in regard to his rights under his purchase at the foreclosure sale. Therefore he has a right to attack it, according to the very authorities cited by the respondents. Freeman, Judg. § 335. He is not attacking it for the benefit of the judgment debtor, as counsel seem to assume, but for his own benefit, in order to prevent an unauthorized redemption.

Order reversed.