TIMOTHY R. PALMER and Another v. THOMAS J. YORKS and Another.

June 14, 1899.

Nos. 11,578—(128).

### Action to Remove a Cloud upon Title—Action to Determine Adverse Claims—Knudson v. Curley Overruled.

Held, G. S. 1894, § 5817, authorizing the bringing of an action to determine an adverse claim to land, authorizes such an action to determine one particular adverse claim, which may be specified or described in the complaint, and, if an equity action to remove a cloud from the title cannot be sustained as such, it may still be sustained as an action to determine adverse claims under the statute, if the complaint is sufficient for that purpose; overruling former decisions holding to the contrary.

### Same—Possession of Plaintiff Immaterial.

Where, in such an action, the defendant in his answer sets up his own claims to the land, and asks to have plaintiff's claims adjudged void, the question of whether or not the plaintiff is in possession, or the land is vacant and unoccupied, is thereby rendered immaterial.

Action in the district court for Washington county to quiet title to land. The case was tried before Crosby, J., who found in favor of plaintiffs; and from a judgment entered pursuant to the findings, defendants appealed. Affirmed.

F. W. Gail and J. N. Castle, for appellants.

B. H. Schriber, for respondents.

CANTY, J.

On May 13, 1886, one Gale was the owner of a certain quarter section of land, and on that day conveyed the same by quitclaim deed to one Senrick. Thereafter, on the 31st of the same month, Senrick, by quitclaim deed, conveyed the land to defendant Thomas J. Yorks. These deeds were both recorded December 28, 1891, but not before. On August 31, 1891, Gale made a quitclaim deed of the land to plaintiff Whaley, and this deed was recorded December 11, 1891, 17 days before said other two deeds were recorded. Whaley afterwards conveyed a half interest to plaintiff Palmer.

This is an action in the form of a bill in equity to quiet plaintiffs' title. The foregoing facts are alleged in the complaint. It is further alleged, in effect, that Whaley purchased in good faith, for a valuable consideration, and without notice of the existence of said deeds to Senrick and Yorks. The prayer is that the latter deeds be canceled, and that plaintiffs be declared the owners of the land. The answer denies that plaintiffs or either of them are innocent purchasers for value, without notice; admits all of the other allegations of the complaint; alleges that Thomas J. Yorks is the owner of the land; and prays that plaintiffs be adjudged to have no right, title, or interest therein. On the trial, the court found that Whaley was an innocent purchaser for value, without notice; that plaintiffs are the owners of the land; and that the deed to Senrick and the one from him to Yorks are a cloud on plaintiffs' title; and ordered judgment that the same be cancelled. From the judgment entered thereon, defendants appeal.

Appellants contend that, as against the prior recorded deed to plaintiff Whaley, the deed to Senrick, and the deed from him to Yorks, were void on their face, and, as the court found, void in fact, and it follows that they were no cloud on plaintiffs' title, and therefore this action cannot be maintained; citing Mogan v. Carter, 48 Minn. 501, 51 N. W. 614; and Maloney v. Finnegan, 38 Minn. 70, 35 N. W. 723. On the other hand, respondents contend that the burden was on them to show that they were innocent purchasers for value, without notice; citing Roussain v. Patten, 46 Minn. 308, 48 N. W. 1122 (see also Mead v. Randall, 68 Minn. 233, 71 N. W. 31);

that, therefore, on the face of the records in the office of the register of deeds, defendants were prima facie the owners of the land, and it would take parol evidence to show they were not; but plaintiffs were the owners, and that, therefore, the deed to Senrick, and the deed from him to Yorks, were a cloud on plaintiffs' title, and a bill in equity to remove that cloud can be maintained. The latter deeds were kept off record for more than five and a half years.

Speaking for myself alone, I will say that it seems to me that a deed as stale as these were at the time they were recorded is discredited on its face, and there should be no presumption that it conveys a title paramount to a deed subsequently executed, and first recorded. As between the immediate parties, the doctrine of Roussain v. Patten and Mead v. Randall is properly applied to a case where the prior instrument subsequently recorded is of recent date, or where an apparently bona fide attempt to record it was made, but failed by reason of some mistake, as was the case in Nickerson v. Wells-Stone Mercantile Co., 71 Minn. 230, 74 N. W. 891. But, in any event, does the rule of these cases apply to plaintiff Palmer, who is not one of the immediate parties?

It is not necessary to decide these points, or to decide whether the old bill in equity could be maintained in such a case as this, if it were held that the deed to Senrick, and the deed from him to Yorks, were presumptively void on their face, and could only be held valid by the aid of oral evidence. We do not deem it necessary to review the abstruse learning to be found in the books, to determine whether such a bill in equity would lie in such a case. We are of the opinion that this action may be maintained as a statutory action to determine adverse claims. It is true that the complaint is framed as one to remove a specified cloud from the title. It is also true that this court has several times held that if such a complaint could not, under the old practice, be sustained as a bill in equity for that purpose, it is defective, and cannot, under our practice, be sustained as a complaint in a statutory action to determine adverse claims. See Walton v. Perkins, 28 Minn. 413, 10 N. W. 424; Knudson v. Curley, 30 Minn. 433, 15 N. W. 873. But we are of the opinion that these decisions should be overruled.

G. S. 1894, § 5817, which authorizes the bringing of actions to determine adverse claims, reads as follows:

"An action may be brought by any person in possession, by himself or his tenant, of real property, against any person who claims an estate or interest therein or lien upon the same, adverse to him, for the purpose of determining such adverse claim, estate, lien or interest; and any person having or claiming title to vacant or unoccupied real estate may bring an action against any person claiming an estate or interest therein adverse to him, for the purpose of determining such adverse claim, and the rights of the parties respectively."

"An action may be brought * * * against any person who claims an estate or interest therein or lien upon the same, * * * for the purpose of determining such adverse claim, estate, lien or interest." Then this statute authorizes the bringing of an action to determine "an estate," an "interest," or a "lien." Can anything be clearer than that this statute authorizes the bringing of an action to determine one particular claim, or one particular lien, or one particular interest in the land? But how can an action be brought to determine one particular lien, claim, or interest unless that particular lien, claim, or interest is specified or described, so that it may be identified? We make no question but that the statute authorizes the bringing of an action to determine all the liens, estates, and interests which the defendants may claim to hold in or upon the specified land. This is the form of action usually brought under this statute, and it is a very simple, convenient, and effective remedy. But, from the language of the statute, it is far clearer that it authorizes the bringing of an action to determine one particular lien, claim, interest, or estate than it is that such statute authorizes the bringing of such a dragnet action, to determine all adverse liens, estates, and interests. Undoubtedly, the main purpose of that statute was to remedy a serious defect which existed in the old equity jurisprudence by reason of the rule that a bill quia timet would not lie to remove a cloud from the title unless that cloud was apparently valid on its face. The Code of Civil Procedure abolished all forms of action, and yet it would seem that this court overlooked that fact when it held that an action brought

on the theory that it is an action in equity to remove a cloud cannot be sustained as an action to determine adverse claims, if the complaint is sufficient for that purpose.

Then, we are of the opinion that this action can be maintained under the statute to remove the specified cloud described in the complaint, if the complaint is in other respects sufficient. It is true that the complaint does not allege that plaintiffs are in possession or that the land is vacant and unoccupied. But the answer sets up a counterclaim or cross action to determine the adverse claims of plaintiffs to the same land, and this rendered immaterial the question of whether or not plaintiffs are in possession or the land is vacant and unoccupied. Hooper v. Henry, 31 Minn. 264, 17 N. W. 476; Mitchell v. McFarland, 47 Minn. 535, 50 N. W. 610. In our opinion, the complaint is sufficient.

Judgment affirmed.