JAMES W. WALTON *vs.* CHARLES C. PERKINS.

November 11, 1881.

**Complaint—Action to Remove Cloud from Title.**—A complaint which is clearly one to remove a specified cloud upon title to real estate, cannot, if it fail to show that the instrument under which defendant claims is invalid, be sustained against a demurrer, on the ground that the facts stated show that plaintiff might have brought an action under Gen. St. 1878, c. 75. §§ 2, 3, to determine adverse claims upon real estate.

**Same—Slander of Title.**—Nor, unless it show that defendant's claim is made in bad faith, can it be sustained as a complaint for slander of title.

Appeal by defendant from an order of the district court for Rice county, *Buckham*, J., presiding, overruling a demurrer to the complaint.

The complaint alleged, substantially, the following facts: That plaintiff is, and has been since 1861, the owner of certain described premises in the county. That in 1878, the defendant, claiming to own the same "by virtue of a pretended and alleged sale thereof for non-payment of taxes claimed to have been assessed thereon in each of the years, 1871, 1872, 1873, 1874 and 1875, sold and conveyed them to one Noska. That Noska, to secure a part of the purchase-money, gave to defendant a mortgage on the premises, (reciting it in full,) which was recorded. That, under this purchase, Noska went into possession, and subsequently sold a portion of the premises. That the plaintiff commenced an action of ejectment against Noska and his grantee, and recovered judgment against them, adjudging him to be the owner in fee. That Noska and his grantee acquiesced in such judgment and both are now in possession of said premises, holding under plaintiff's title and under an agreement to purchase from him; but that the mortgage from Noska to defendant is a cloud upon plaintiff's title, and plaintiff cannot sell or dispose of the premises without great sacrifice unless the same is removed. The relief prayed is that the mortgage be surrendered and cancelled, and the defendant enjoined from collecting, enforcing or foreclosing it.

*Perkins & Whipple,* for appellant.

*Case & Gipson,* for respondent.

GILFILLAN, C. J.   This complaint is clearly drawn as a bill in equity, under the former system of pleading, to procure the cancellation of a mortgage, on the ground that it is a cloud on plaintiff's title, and it is equally clear that it intends to call in question only the tax sale which it refers to; for, if that was a valid sale, vesting the title in defendant, plaintiff, being divested of his title, is not in position to impeach the deed from defendant to Noska, nor the mortgage from Noska to defendant; and there is no attempt to impeach them, unless by attacking the tax sale, for the complaint alleges as to each that it was duly executed, acknowledged and delivered.   That there was a tax sale is not positively averred, the statement being that the "defendant then claiming to have been the sole and absolute owner in fee of the lands above described under and by virtue of a pretended and alleged sale thereof for non-payment of taxes claimed to have been assessed thereon in each of the years," etc., but it is not alleged that there was no tax sale.   The plaintiff cannot complain, if we construe the complaint as intending to aver that there was a tax sale in fact, but not as intending to concede its validity.   So construing the complaint, it then became necessary, in order to make it good as a bill for the cancellation of the mortgage, to allege facts showing that the tax sale was not valid.   This the complaint does not do, and for that reason it is not good.

But it is claimed, and was decided by the court below, that though the complaint is deficient as one in the nature of a bill in equity for the cancellation of the mortgage, yet, as it alleges facts that would make a good complaint in an action under Gen. St. 1878, *c.* 75, §§ 2, 3, to determine adverse claims to real estate, a demurrer on the ground that it does not state facts sufficient to constitute a cause of action will not lie.   This proposition does not necessarily involve the question, how far a complaint, the facts in which show the plaintiff to have a cause of action, though manifestly not that attempted to be set forth, may be held good against a demurrer.   For if it be conceded that a complaint attempting to set forth a cause of action

of one character may be sustained if there be facts enough to show a cause of action of another character, or that if the facts show plaintiff entitled to some relief, though not to any part of that demanded, nor of the character of that demanded, it is good against a demurrer, still it does not follow that where the complaint is clearly intended as a complaint in an ordinary action, it will be sustained against a demurrer, merely because, upon some of the facts stated, the plaintiff might bring an action given by statute, special and extraordinary in its nature, and not proceeding according to the usual course of actions.

Whether a complaint can be held good on such ground is the question in this case; that is, whether a complaint similar to the old bill in equity to cancel an instrument claimed to operate as a cloud upon real estate may be treated as a complaint in an action under the statute. As the statute has been construed in this state, the action given by it is in some of its features extraordinary, and contrary to the usual course of action. All that the complaint need allege of defendant is that he claims some estate or interest in or lien on the land, without showing that the claim is invalid, or that defendant does plaintiff any wrong in making it. *Steele* v. *Fish*, 2 Minn. 129, (153;) *Hamilton* v. *Batlin*, 8 Minn. 359, (403.) The plaintiff having proved his possession, (or title, if the lands are vacant,) the burden is then on the defendant to prove his adverse claim. *Wilder* v. *City of St. Paul*, 12 Minn. 192. The object of the action is to force one claiming an adverse interest or lien to establish or abandon his claim. *Meighen* v. *Strong*, 6 Minn. 111, (177.) With respect to the claim of the defendant, the position of the parties is the reverse of that occupied by the parties in an ordinary action. The defendant becomes practically the plaintiff, and takes the affirmative in pleading and proof, while the plaintiff becomes practically the defendant, and defends against the claim. In an ordinary action, the plaintiff must tender the issues to defendant, and if defendant takes issue on the facts alleged, plaintiff must prove enough of them to entitle him to recover. An action under the statute is brought to compel the defendant to tender issues, unless he chooses to abandon his claim. In the particulars, therefore, that the complaint need not allege any wrong-

ful act of the defendant, and that the object of it is to force him to tender issues upon and set forth the matters sought to be litigated, the action is anomalous.

This complaint being manifestly one in the nature of a bill in equity to remove a specified cloud upon plaintiff's title, the burden is upon him to establish, *first,* his own title; *second,* the instrument claimed to be a cloud; and, *third,* the invalidity of such instrument. The issues tendered relate to these particulars. To allow plaintiff to use his complaint as one under the statute is to allow him to make his action one in which all he has to do, in order to make a case, is to prove his own title, (or possession,) leaving defendant to establish his mortgage and its validity. The issues tendered in this complaint are entirely different, as respects burden of proof, from that tendered in an action under the statute. The action being equitable, the issue which it tenders is that which such an action raises, and to allow him to obtain relief as under a statutory action would be to allow him relief not within the issue tendered by him, and would operate as a surprise upon the defendant. We think, in order to put on the defendant the *onus* intended in the statutory action, it must appear from the complaint that the action is brought under the statute, so that he may know from it what he is required to do; and that a complaint clearly one in an action to remove a particular cloud upon real estate, cannot be treated as a complaint in an action under the statute, nor be held to be a good complaint, because the facts stated show that the plaintiff might bring an action under the statute.

The complaint does not show but defendant's claim that the mortgage is valid is in good faith. It cannot, therefore, be held to show slander of plaintiff's title.

Order reversed.