OLE KNUDSON *vs.* PATRICK CURLEY.

June 6, 1883.

**Action to Remove Cloud on Title—Insufficiency of Complaint.**—In an action to set aside a tax sale and the certificate of sale issued thereon as a cloud upon the title, the complaint must allege the facts showing that such sale was not valid. An allegation " that said sale of said land was made without authority of law, and is void," is not sufficient. *Also held*, following *Walton* v. *Perkins*, 28 Minn. 413, that a complaint which is clearly framed as one to remove a specified cloud upon title, cannot, if defective as such, be sustained as a complaint under Gen. St. 1878, c. 75, §§ 2, 3, to determine an adverse claim, although it states facts showing that plaintiff might have brought and maintained such statutory action.

**Findings of Fact Insufficient.**—Where the complaint does not state facts sufficient to constitute a cause of action, a finding " that the allegations of the complaint are true," is not sufficient to support a judgment for the plaintiff.

Appeal by defendant from a judgment of the district court for Fillmore county, where the action was tried by *Farmer*, J., without a jury.

*E. N. Donaldson*, for appellant.

*Gray & Thompson*, for respondent.

MITCHELL, J. The complaint in this action was clearly drawn as a bill in equity, under the former system of pleading, to set aside a tax sale and the certificate issued thereon as being a cloud upon plaintiff's title. The order in which the trial was proceeded with in

v.30—28

the introduction of evidence, corroborates this view, the plaintiff assuming the burden of proving the cloud and its invalidity.

The complaint was not good as one to remove a specific cloud from the title, because it alleges no facts showing that the tax sale or certificate was not valid; the only allegation in that regard being "that said sale of said land was made without authority of law, and is void." This court has held that a complaint which is clearly framed as one to remove a specific cloud upon title to real estate cannot, if defective as such, be sustained as a complaint in an action under Gen. St. 1878, c. 75, §§ 2, 3, to determine an adverse claim, although it states facts showing that plaintiff might have brought and maintained such a statutory action. *Walton* v. *Perkins*, 28 Minn. 413. The reasons for this, arising out of the special and extraordinary nature of this statutory action, are fully stated in the opinion of this court in the case referred to, and need not be here repeated. We must, therefore, in the consideration of this case, treat it as an action to remove a cloud from title.

The findings of the court (except as to possession, which is not material) are "that all the allegations and averments of the plaintiff's complaint are true, and all the denials and allegations of the defendant's answer, inconsistent with or contradicting the allegations of the plaintiff's complaint, are untrue." Now, if the complaint had stated facts sufficient to constitute the cause of action attempted to be set up, these findings would have been sufficient to support the judgment. Also, if, notwithstanding the insufficiency of the complaint, the parties had gone fully into the trial of the subject-matter, and the court had found facts sufficient to entitle plaintiff to judgment, the complaint might have been amended to conform to the facts proved and found, and the judgment have been sustained. But in this case the finding is merely that the allegations of the complaint are true, and, when we turn to the complaint, we find that it does not state facts sufficient to constitute a cause of action. The necessary consequence is that there are no findings to sustain the judgment. We would have the power, under the existing state of the pleadings and findings, to order judgment for defendant; but, in view of the limitation contained in Laws 1881, c. 135, § 7, under

which this tax sale was made, such disposition of the case might work some hardship.    We have, therefore, decided simply to reverse the judgment and remand the cause, and let the court below take such action upon the application of the parties as he may deem proper and in furtherance of justice.

As the conclusions already reached dispose of the case, it is unnecessary to consider the questions discussed by counsel involving the validity of the tax sale referred to; but, with reference to another trial, we might add that the delinquent list as published, as shown by the record before us, is fatally defective.    It is as follows:

"VILLAGE OF LANESBORO.

"Ole Knudson.

"1873 to 1880, inclusive,   -    -    -   | 16 | 7 | 231 20."

Without any heading to show what these figures refer to, they contain no description of the property upon which the taxes are claimed to be due.

We further remark that plaintiff has fallen into two errors in his construction of section 1 of the act referred to.    He construes the expression "at the time of making the list of delinquent taxes for the present year" as referring to the taxes of 1881, which become delinquent in 1882.    Although not very aptly worded, it is clear from the context that this refers to the delinquent list made the then present year (1881) for the taxes of 1880.    The plaintiff also assumes that only those lands could be sold under this act for taxes of 1879 and prior years, which had already been *legally forfeited* to the state.    An examination of the act itself will show that it provides for the sale of all lands upon which the taxes for those years had become *delinquent*, and had not been satisfied by payment, redemption, or sale of the land to actual purchasers.

Judgment reversed and cause remanded.