BOVEY-DE LAITTRE LUMBER COMPANY v. JOHN B. DOW and Others.[1]

May 19, 1897.

Nos. 10,585—(140).

**Complaint—Adverse Claims to Real Estate.**

> *Held,* that the complaint herein states a cause of action under the pro-visions of G. S. 1894, c. 75, § 5817, to determine adverse claims to real estate, and that this is not an action to remove a specified cloud upon the title to real estate.

**Evidence.**

> Evidence considered, and *held,* that it sustains the findings and decision of the trial court.

Appeal by defendants Dow from an order of the district court for Itasca county, Holland, J., denying a new trial.   Affirmed.

*Ripley & Brennan* and *William Foulke,* for appellants.

*Wilson & Van Derlip, Uri L. Lamprey* and *W. C. Goforth,* for re-spondent.

[1] Reported in 71 N. W. 2.

68 M—18.

STAR̲T, C. J.   The trial court in this case found as a fact that the plaintiff was the owner in fee of the land described in the complaint, and that the defendants had no title to or interest therein, and directed judgment accordingly, quieting the plaintiff's title.   The defendants Dow appeal from an order denying their motion for a new trial.   The first and practically the only question of any importance presented for our consideration on this appeal is whether this action was one to remove a specified cloud from the plaintiff's title, or one under the provisions of G. S. 1894, c. 75, § 5817, to determine adverse claims to real estate.   If it is the former, the order appealed from must be reversed, for the evidence does not establish such a cause of action.

Upon the trial the action was treated by the plaintiff and the court as one to determine adverse claims to real estate.   It is settled by the previous decisions of this court that a complaint which is clearly one to remove a specified cloud upon title to real estate cannot, if it fails to state facts sufficient to sustain an action for such specific purpose, be sustained, although it alleges facts sufficient to constitute an action, under the statute, to determine adverse claims to real estate. Walton v. Perkins, 28 Minn. 413, 10 N. W. 424; Knudson v. Curley, 30 Minn. 433, 15 N. W. 873.   The rule established by these decisions must be limited to cases where it clearly appears from the complaint that the only cause of action intended to be relied upon was one for the removal of a specified cloud; for the rule seems to encroach upon the fundamental principles of our code, abolishing all forms of action, and giving relief upon the facts pleaded and proven, without reference to forms.   It does not appear from the complaint in this case that the cause of action intended to be relied upon is one for the removal of a specified cloud.   On the contrary, the only cause of action alleged is one to determine adverse claims to real estate.

The complaint alleges that the plaintiff is the owner in fee of the land therein described, which is vacant and unoccupied, and to which the defendants claim some title adverse to the plaintiff and its title, which claim of defendants is void in fact, and concludes with a prayer for relief appropriate in an action under the statute to determine adverse claims to real estate.   But it also unnecessarily attempted to anticipate and allege what the plaintiff understood the defendants'

adverse claim was. The unnecessary allegations of the complaint were to the effect that the defendant Dow on November 1, 1892, claimed to have an interest in the lands, and on that day executed a deed of them to Charles Joy, but the deed was not recorded until December 10th thereafter; that the claim or interest in the lands so conveyed to Joy was adverse to the existing title of the plaintiff, and Joy, for a valuable consideration paid by the plaintiff, conveyed to it all interest in the lands so conveyed to him by Dow; that after Dow conveyed to Joy, and before his deed was recorded, Dow and wife fraudulently and without consideration executed a quitclaim deed of the lands to Eugene L. Larpenteur, who then made a deed to Dow's wife, the defendant Elizabeth L. Dow; that the deed to Larpenteur was recorded, but when, whether before or after the recording of the deed to Joy, the complaint does not disclose; and that the deed to Mrs. Dow is still unrecorded.

It is to be observed that these allegations do not concede that Dow had in fact any title to the lands, or connect him with the title, but the allegation is that he claimed title adverse to the plaintiff's title. The complaint, in addition to the relief already stated, prayed for a cancellation of the deed from Dow and wife to Larpenteur, and the record thereof. The Dows answered, and alleged that the deed by them to Joy was made in trust, whereby he was to hold the title to the lands for the benefit of himself, Dow, and other parties, pursuant to a contract set out in the answer, and that the plaintiff had knowledge of the trust when Joy deeded to it, and that the title conveyed to Joy was derived from the United States through Francois and Sophia Roy. The reply alleged that the plaintiff had no knowledge, or information sufficient to form a belief, whether the Francois and Sophia Roy mentioned in the answer ever had any title to the lands in question.

The plaintiff, on the trial, established its title to the absolute ownership of the land by an unbroken chain of title, to which the defendants objected and excepted, from the United States to itself. Neither Dow nor Joy was connected in any manner with this title, but a Francois and a Sophia Roy were. The plaintiff then, for some purpose not disclosed by the record, if any there were, introduced the deed from Dow to Joy, and from the latter to itself. The defendants introduced

in evidence the contract mentioned in the answer, the deed from Dow and wife to Larpenteur, and its record, and the deed from the latter to Dow's wife; also, the testimony of Dow that the deed to Joy was made pursuant to the contract. There was no other evidence as to the title by either party. The defendants' assignments of error are to the effect that the court erred in receiving in evidence the deeds and records constituting the plaintiff's chain of title, and that the findings and decision of the court are not justified by the evidence.

The evidence offered and received on behalf of the plaintiff to establish its title was rightly received. The defendants' claim to the contrary is stated in their brief in these words:

"We contend that the plaintiff, having alleged no title except that through Dow and Joy, and having denied the Roy title in its reply, should not have been allowed to prove any other title than the Joy title."

The premises of this proposition are not correct. The complaint does not concede that Dow ever had title to the lands, or allege that the plaintiff had no title except through Dow, or that he was the common source of title. They claim that because the plaintiff, in its reply, denied, on information and belief, that the Roys mentioned in the answer ever had any title to the lands, it could not prove a chain of title with which persons of the same name were connected. Conceding that the parties in each case were identical, the plaintiff was not, by reason of its reply, estopped to prove the allegations of its complaint that it was the owner of the lands in fee. It is also claimed on behalf of the defendants that, when they showed that the deed from Dow to Joy was made pursuant to the trust agreement, the burden was on the plaintiff to show that it was a bona fide purchaser from Joy, without notice. But there is no evidence in the case that Dow ever had any title, or that the plaintiff claimed title through his supposed title.

The whole contention of the defendants on this appeal rests upon the assumption that this is an action to remove a specified cloud, and that the pleadings concede Dow to have been the common source of title. The assumption, however, is wholly unsupported by the record; for, as already stated, the action is not one for the removal of a specified cloud from plaintiff's title. If it were, the complaint would not

state a cause of action, and there is neither concession nor proof in the record that Dow was the common source of title. The evidence to establish plaintiff's title was properly received, and the findings and decisions of the trial court are supported by the evidence.

Order affirmed.