GIBBS v. ALGER, SMITH & CO. et al.

(Circuit Court of Appeals, Eighth Circuit. December 9, 1912.)

No. 3,685.

JUDGMENT (§ 660*)—CONCLUSIVENESS—QUESTIONS CONCLUDED.

A judgment of a Minnesota court of superior general jurisdiction which determines adverse claims to real estate under Gen. St. Minn. 1894, § 5817, authorizing an action to determine adverse claims or interests in real estate rendered on adjudging that the complaint in the action states a cause of action to determine adverse claims under the statute, and affirmed by the state Supreme Court, treating the action as one to determine adverse claims, is a finality on the question of adverse claims as against the objection that the relief granted is broader than authorized by the complaint, since the construction placed on the complaint is at most erroneous, and the judgment bars a subsequent action to determine rights to the property.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1171; Dec. Dig. § 660.*

Conclusiveness of judgment as dependent on theory of action or recovery, see note to Millie Iron Mining Co. v. McKinney, 96 C. C. A. 163.]

Appeal from the Circuit Court of the United States for the District of Minnesota; Page Morris, Judge.

Suit by Clara J. Gibbs, non compos mentis, by Albert L. Gibbs, her guardian, against Alger, Smith & Co. and others. From a decree of dismissal, complainant appeals. Affirmed.

A. L. Agatin, of Duluth, Minn. (Francis H. De Groat, of Duluth, Minn., on the brief), for appellant.

Alfred Jaques and L. C. Harris, both of Duluth, Minn. (Theodore T. Hudson, of Duluth, Minn., on the brief), for appellees.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes·

· Before ADAMS and SMITH, Circuit Judges, and WILLARD, District Judge.

SMITH, Circuit Judge. Reuben Whiteman owned certain lands in the counties of St. Louis and Cook, in the state of Minnesota. On March 3, 1888, he died, testate. By his will he left these lands to his wife, Rebecca E. Whiteman, for life provided she did not remarry, or, in case of her remarriage, until that took place, and, upon her death or remarriage, to his son Alonzo J. Whiteman and his daughter Clara J. Whiteman, share and share alike. The will authorized the executors to sell any of these lands, and provided that on such sale the proceeds of it should be held and invested and disposed of as the real estate was directed to be disposed of. Rebecca E. Whiteman and Alonzo J. Whiteman were nominated and appointed executors. January 25, 1890, Rebecca E. Whiteman and Alonzo J. Whiteman, individually and as executors of the will of Reuben Whiteman, entered into a contract with Clara J. Whiteman, under which they agreed to convey to her the lands of the estate in Minnesota and particularly the lands in Cook county.

On December 4, 1890, Alonzo J. Whiteman and wife and Rebecca E. Whiteman, as individuals, executed a quitclaim deed of the lands in Cook county to Clara J. Whiteman which was recorded on July 24, 1902. On January 23, 1892, the executors, Rebecca E. Whiteman and Alonzo J. Whiteman, executed to Clara J. Whiteman an executors' deed to said lands. In 1892, and after the execution of said deed, Clara J. Whiteman was married to Albert L. Gibbs. July 2, 1902, Clara J. Gibbs and husband conveyed all the timber upon said lands to Frederick L. Gilbert and Edward T. Buxton in consideration of $8,000 in cash and $8,000 when the grantors furnished an abstract showing good title in them. On November 16, 1892, W. H. H. Stowell recovered judgment in the district court for the Eleventh judicial district of Minnesota in St. Louis county against Alonzo J. Whiteman for a debt contracted in 1888, and on December 5, 1892, this judgment was docketed in Cook county where the lands in question were situated. On July 21, 1902, Stowell assigned this judgment to Marion Douglass, execution was issued upon it, and these lands were levied on and sold on September 22, 1902, as the property of the judgment debtor and bought in by Douglass and the certificate of purchase was issued to him.

This certificate was sold on May 22, 1903, to George F. Perkins. February 7, 1895, Rebecca E. Whiteman was married to James Lindsay. On February 14, 1895, Alonzo J. Whiteman, then unmarried, again conveyed the lands in controversy to Clara J. Gibbs. The lands not having been redeemed George F. Perkins brought suit in the district court for the Eleventh judicial district of Minnesota against Clara J. Gibbs, Albert L. Gibbs, her husband, Alonzo J. Whiteman and Julia N. Whiteman, Rebecca E. Whiteman-Lindsay, James Lindsay, Frederick L. Gilbert and wife, and Edward T. Buxton and wife, alleging that he was the owner in fee simple of an undivided half interest in the real estate in question; that the said lands were vacant

and unoccupied; that the defendants and each of them claimed an interest in said premises or a lien thereon adverse to plaintiff. He then set up the original ownership of said lands by Reuben Whiteman, his will, the agreement of November 25, 1890, the executors' deed dated January 23, 1892; alleged that none of the conditions and stipulations contained in said agreement were complied with by Clara J. Gibbs, that the executors' deed was without consideration and in fraud of the creditors of Alonzo J. Whiteman, of whom Stowell was one. The petition continued that the defendants and each of them have no estate or interest in said premises or lien thereon or any portion thereof and said claims of said defendants and each of them is unfounded in law and in fact. Wherefore he prayed:

"Judgment that he be adjudged the owner in fee of said lands, and that his title thereto be quieted as against the claims of said defendants Clara J. Gibbs and Albert L. Gibbs, and the cloud upon his title arising by virtue of the said executors' deed. * * * And that defendants Frederick L. Gilbert and Edward T. Buxton be also adjudged and held to have no right, title, interest, estate, or lien upon or in and to said undivided one-half (½) interest of the above-described real estate, to the end that plaintiff may be adjudged the absolute owner free from all claims, right, title, interest, estate, or lien in and to the undivided one-half (½) interest of said real estate as against each and all of the said defendants. And that the plaintiff may have all other proper relief in the premises and judgment for the costs and disbursements of this action."

There was due service of notice of this action, and Gilbert and Buxton made answer, but the other defendants made default. At the June term, 1905, the case came on for hearing, and the court found that the plaintiff was the owner in fee of the undivided one half of the lands in question; that on July 2, 1902, Clara J. Gibbs was the owner of the other undivided half of said lands, and on that date with her husband she executed and delivered to Gilbert and Buxton the conveyance to them and they took the interest she had in the timber; that said lands were vacant and unoccupied; found the facts as to Reuben Whiteman's original ownership, the making of the will and his death; found that by the remarriage of said Rebecca E. Whiteman the title vested in Alonzo J. Whiteman and Clara J. Gibbs in equal shares an undivided half in each; found the facts as to the Stowell judgment, its assignment, execution thereon, and sale thereunder and the delivery of the certificate and the assignment thereof to the plaintiff Perkins; that the executors' deed was fraudulent; and found as conclusions of law that judgment be entered adjudging that said plaintiff is the owner of an undivided half of the lands described in the finding of facts free of any claim on the part of any of the defendants and that said defendants Frederick L. Gilbert and Edward T. Buxton have such interest in the other undivided half of said lands as by virtue of the execution and delivery of the instrument to them of July 2, 1902, free of any claim of plaintiff. Subsequently, on July 31, 1905, the court adjudged and decreed that George F. Perkins is the owner in fee of the lands in question, entitled to the possession thereof subject to the rights of Gilbert and Buxton as found, and that the other defendants and all persons claiming through them have

no estate, interest, lien, or claim in or upon said premises or any part thereof. July 26, 1906, George F. Perkins sold and conveyed to Alger, Smith & Co., a corporation of Detroit, Mich., an undivided half of the timber on these lands. August 22, 1906, Clara J. Gibbs was by the county court of Marathon county, Wis., adjudged insane, and committed to the Northern Wisconsin Hospital for the Insane. On the 27th day of November, 1906, the same court appointed her husband, Albert L. Gibbs, guardian of her person and estate, and on June 19, 1907, said Albert L. Gibbs was appointed guardian of the estate of Clara J. Gibbs in the state of Minnesota by the probate court of St. Louis county in that state. On or about March 2, 1908, Clara J. Gibbs, by her guardian ad litem, filed an alternative application, first to set aside the judgment in favor of George F. Perkins upon the ground of want of jurisdiction and, second, upon failure to sustain that motion to reopen said case upon the affidavits filed and permit her to answer. October 17, 1908, these applications were denied, and she appealed, and the case was affirmed by the Supreme Court of Minnesota. Perkins v. Gibbs et al., 108 Minn. 151, 121 N. W. 605.

On the 14th day of December, 1908, a bill was filed in the United States Circuit Court for the District of Minnesota by Clara J. Gibbs, by Albert L. Gibbs, her guardian, against Alger, Smith & Co., George F. Perkins, Frederick L. Gilbert, and Edward T. Buxton in which she prayed: First. That the pretended claims of title of said defendants Alger, Smith & Co. and George F. Perkins, and each of them, in or to said undivided one-half interest in and to the timber conveyed by said complainant to the defendants Gilbert and Buxton by deed be declared to be null and void, and that it be declared and adjudged that her said deed to said Gilbert and Buxton conveyed good title thereto and to the whole thereof as against any claims of said defendants Perkins and Alger, Smith & Co., subject always to her lien for the said $8,000. Second. That she be adjudged and decreed to have a valid and subsisting first lien as for purchase money upon the premises so conveyed by her to the said defendants Frederick L. Gilbert and Edward T. Buxton for the said sum of $8,000. Third. That said defendants Frederick L. Gilbert and Edward T. Buxton be by the decree of this court required to pay to her said sum of $8,000 in satisfaction and discharge of said lien by a day certain to be fixed and appointed by the court, and that in default thereof her said lien be foreclosed and a sale of said premises be decreed to satisfy the amount so due to her. Fourth. That said defendants Alger, Smith & Co. and George F. Perkins be forever barred and enjoined from claiming or asserting any claim, right, title, or interest in or to the timber so conveyed by her or any part thereof. To this petition Alger, Smith & Co. and Gilbert and Buxton made answers. In answer Alger, Smith & Co. set up the Minnesota statute for actions to determine adverse claims, alleged that the action of Perkins v. Gibbs was brought thereunder, and that Gilbert and Buxton, by appearing in said action and answering thereto, submitted themselves to the jurisdiction of said court, and by their answer agreed that said court adjudged and determine all the rights of the parties to

said action, and the court adjudged and decreed that the defendant Perkins is the owner of an undivided half of the land as described in that action, and in this free of any claim on the part of any of the defendants to said action, and alleged that the issue involved in said action was a question of the ownership of an undivided interest in the real estate by George F. Perkins and the question of the adverse claims of all parties named as defendants in said action, and that said court, having full and complete jurisdiction of said action and the parties thereto, gave judgment therein, adjudging that George F. Perkins was the owner in fee simple of the undivided half in said lands free and clear of any claim of any of the defendants therein; that all of the defendants in said action are bound and concluded by said judgment, and are barred thereby from making any claim to said undivided half of said lands, the timber thereon, or any interest therein. The plaintiff made replication to the answers. The evidence was taken before a special examiner, and upon his report the court dismissed the bill and the complainant appeals.

The case has been ably argued upon numerous points, but, as the Court regards a single one as conclusive of this case, it only will be referred to.

Long before the bringing of a suit by Perkins the laws of Minnesota (section 5817, Statutes of Minnesota of 1894) read as follows:

"An action may be brought by any person in possession, by himself or by his tenant, of real property against any person who claims an estate or interest therein, or lien upon the same, adverse to him, for the purpose of determining such adverse claim, estate, lien or interest; and any person having or claiming title to vacant or unoccupied real estate may bring an action against any person claiming an estate or interest therein adverse to him, for the purpose of determining such adverse claim and the rights of the parties respectively."

It is the contention that the action was to remove a cloud, and was not an action to determine adverse claims under the statute cited, and that, while the decree upon its face went beyond this, the court had no jurisdiction in so far as the relief granted exceeded that of removing the cloud of the executors' deed, and as she had title under the deed from Alonzo J. Whiteman and wife and Rebecca E. Whiteman, and perhaps under the subsequent deed from Alonzo J. Whiteman, her title thus acquired extinguished the title of Alonzo J. Whiteman, and so Perkins took nothing under the execution sale, and, having no decree canceling these deeds, her title remained complete until divested as it was by a subsequent execution sale and the latter did not divest her vendor's lien. It is probable both sides to this controversy misunderstood the effect of the Reuben Whiteman will.

This court held that, under the will, the children took a vested estate in the residuary estate subject to a determinable life estate in their mother. Perkins v. Gibbs, 153 Fed. 952, 83 C. C. A. 68. The will in the fifth subdivision, after providing for the determinable life estate in Rebecca E. Whiteman and remainder in his children, contained this provision:

"This clause fifth is subject to the powers hereinafter mentioned."

Immediately following this is a provision conferring upon his executors power in their discretion to sell, convey, mortgage, and deed any and all of the real or personal property mentioned or included in the fifth clause, except the homestead, and provided, in case the real estate should be so sold and converted into money, the proceeds of it should be held and invested and disposed of as the real estate was directed to be disposed of. It seems highly probable that all parties thought these provisions precluded any vesting of the title in the heirs · during the existence of the executorship. Mr. Perkins in his original complaint alleged that these lands vested in Alonzo J. Whiteman and Clara J. Gibbs upon the remarriage of their mother to Lindsay, and did not in any way refer to the deed from Alonzo J. Whiteman and wife and Rebecca E. Whiteman, as individuals, although the same was of record in Cook county, Minn., some years before he commenced his suit, but assumed the whole title of Clara J. Gibbs was derived under the original fraudulent deed from the executors. The plaintiff apparently had some fear of such construction because immediately after the remarriage of her mother Alonzo J. Whiteman again deeded her this property and the deed was recorded. Whether this accounts for the bringing of the George F. Perkins suit in the form it was it is not essential to determine. It is sufficiently conceded that, if the action by George F. Perkins was an action under section 5817 to determine adverse claims, then complainant cannot recover in this action.

Reliance is placed upon Walton v. Perkins, 28 Minn. 413, 10 N. W. 424, and Knudson v. Curley, 30 Minn. 433, 15 N. W. 873. The court in both these cases said the complaints were clearly drawn as bills in equity to procure the cancellation of specific clouds, and the fact that they alleged facts which would have entitled the plaintiffs to maintain action under the statute in question could not avail them. Those were neither of them collateral attacks on judgments rendered, but were both appeals in the original actions. Concerning them the Supreme Court of that state said in Bovey-De Laittre Co. v. Dow et al., 68 Minn. 273, 71 N. W. 2:

"It is settled by the previous decisions of this court that a complaint which is clearly one to remove a specified cloud upon title to real estate cannot, if it fails to state facts sufficient to sustain an action for such specific purpose, be sustained, although it alleges facts sufficient to constitute an action, under the statute, to determine adverse claims to real estate. Walton v. Perkins, 28 Minn. 413, 10 N. W. 424; Knudson v. Curley, 30 Minn. 433, 15 N. W. 873. The rule established by these decisions must be limited to cases where it clearly appears from the complaint that the only cause of action intended to be relied upon was one for the removal of a specified cloud; for the rule seems to encroach upon the fundamental principles of our Code, abolishing all forms of action, and giving relief upon the facts pleaded and proven, without reference to forms. It does not appear from the complaint in this case that the cause of action intended to be relied upon is one for the removal of a specified cloud. On the contrary, the only cause of action alleged is one to determine adverse claims to real estate. The complaint alleges that the plaintiff is the owner in fee of the land therein described, which is vacant and unoccupied, and to which the defendants claim some title adverse to the plaintiff and its title, which claim of defendants is void in fact, and concludes with a prayer for relief appropriate in an action under the statute to deter-

mine adverse claims to real estate. But it also unnecessarily attempted to anticipate and allege what the plaintiff understood the defendants' adverse claim was."

This is a question of how far the district court of Minnesota had power to determine the extent of its own jurisdiction. The complaint alleged every fact necessary to maintain an action to determine adverse claims. The court of necessity held it was such an action, and it entered a decree under the statute. The Supreme Court of Minnesota starts its opinion with the announcement that:

"This action was brought in the district court of the county of Cook to determine adverse claims to the lands described in the complaint."

The district court of Minnesota is a court of superior general jurisdiction. This is not a question of the jurisdiction to grant a general decree quieting title for it is conceded the court had that jurisdiction if a proper petition had been filed, nor is it a question of the jurisdiction of the parties for that is conceded. It is simply contended that the relief granted was broader than the petition authorized as construed by the Supreme Court of Minnesota.

In Gillitt v. Truax, 27 Minn. 528, 8 N. W. 767, it was said:

"The objections to the judgment are that the complaint on which it was rendered does not justify so large a judgment. This, if true, was only error, not affecting the jurisdiction, and does not affect the judgment in a collateral action. * * *"

If the petition in Perkins v. Gibbs should be examined by one unfamiliar with the Minnesota cases cited, and who knew only of the statute for suits to determine adverse claims, that the laws of Minnesota abolished all forms of action and provided for giving relief upon the facts pleaded and proven without reference to forms, by what process of reasoning could he reach the conclusion that the court did not have jurisdiction to grant the very relief prayed? If the court on examining this petition found allegations and a prayer for relief strictly authorized by the statute to determine adverse claims and due service, it had jurisdiction of both the subject-matter and the persons, and, if it proceeded to grant such relief, it was at most erroneous. Under such circumstances, the decision was a finality. American Express Co. v. Mullins, 212 U. S. 311, 29 Sup. Ct. 381, 53 L. Ed. 525, 15 Ann. Cas. 536; Fauntleroy v. Lum, 210 U. S. 230, 28 Sup. Ct. 641, 52 L. Ed. 1039; United States v. California Land Co., 192 U. S. 355, 24 Sup. Ct. 266, 48 L. Ed. 476; Van Fleet on Collateral Attack, §§ 750 and 755.

The decree in the former case is conclusive, and the plaintiff cannot recover in this action.

Affirmed.