MELLON v. ST. LOUIS UNION TRUST CO. et al.

(Circuit Court of Appeals, Eighth Circuit. February 26, 1917.)

No. 4402.

1. JUDGMENT ⬦═326—CORRECTION NUNC PRO TUNC.
While a judgment may be corrected, after the expiration of the term at which it was rendered, so as to speak the truth by a nunc pro tunc order, this power cannot be exercised to change or modify the decree or in any wise void the force of any part of the judgment or decree as originally intended and pronounced.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 628.]

2. JUDGMENT ⬦═342(1)—CORRECTION—POWER OF.
Ordinarily, a court loses all control over its judgment at the expiration of the term at which it was rendered.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 668.]

3. JUDGMENT ⬦═474—COLLATERAL ATTACK—JUDGMENT OF—FEDERAL COURTS.
Though the national courts are courts of limited jurisdiction and the complaint must contain allegations necessary to show the jurisdiction of the court, nevertheless a judgment rendered on a complaint failing to allege the necessary jurisdictional facts is not void or subject to collateral attack, and a judgment or decree rendered after an erroneous refusal to remand the case to the state court is not void, but must be given effect by all courts until reversed by an appellate court.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 909.]

4. JUDGMENT ⬦═503—COLLATERAL ATTACK—PLEADING.
In a suit to foreclose a mechanic's lien on demised property, the lessor filed a cross-bill against the lessee setting forth the lease provisions that no mechanic's lien for improvements should be placed on the premises during the term, that in event liens should be filed the lessee should discharge the same within 30 days after judgment, and in case of failure the lessor should have the right to pay off the same, the amount thus paid being added to the rent, and that if default in the payment of such sums and the rent should continue for three months the lessor should have the option to terminate the lease, the improvements to be forfeited without compensation if forfeiture was on account of mechanic's liens. The cross-bill averred a breach of the provisions of the lease and prayed for foreclosure of the lessor's liens and also for general relief. _Held_ that, as under a prayer for general relief the court has the power to grant all the relief which the allegations of the bill warrant, that portion of the decree providing that, on the lessor's payment of all liens declared by the decree to be superior to her claims, she should become absolute owner of the lease and improvements placed on the demised premises, was not without the scope of the pleadings so as to be subject to collateral attack.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 943.]

⬦═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

On application of Dora Finley, formerly Dora Patterson, to modify the court's opinion and decree. Application denied, and former opinion upheld.

For former opinion, see 225 Fed. 693, 140 C. C. A. 567.

H. N. Boardman, of Oklahoma City, Okl., for the motion.

J. H. Everest and R. M. Campbell, both of Oklahoma City, Okl., opposed.

Before SANBORN, Circuit Judge, and TRIEBER and REED, District Judges.

TRIEBER, District Judge. The petitioner asks for a modification of the decree rendered by this court at the May term, 1915 (225 Fed. 693, 140 C. C. A. 567), so far as it adjudges that, upon the payment by Mrs. Mellon of all liens declared by the decree to be superior to her claims, she should become the absolute owner of the lease and building, free from the terms of the lease, and the claim of all parties to the action. This petition was filed at the December term, 1916.

The petitioner bases her claim upon two grounds: First. That the court may, at any time, after the term at which the decree was rendered has expired, amend its decree by a nunc pro tunc order. Second. That this part of the opinion of the court was absolutely void because not within the issues raised by the pleadings.

[1] 1. As to the first proposition, the authorities cited by counsel for the petitioner are inapplicable. All they hold is that the court may, at any time after the expiration of the term, amend its decree by a nunc pro tunc order, to conform to what was actually determined by the court, but which, by an oversight, or an error of the clerk in entering it, was omitted or erroneously stated. In other words, a nunc pro tunc order is made for the purpose of making the record speak the truth and show what was actually determined by the court. But this power cannot be exercised to change or modify the decree, or in any wise void the force of any part of the judgment or decree as originally intended and pronounced. Hickman v. Fort Scott, 141 U. S. 415, 418, 12 Sup. Ct. 9, 35 L. Ed. 775; St. Louis & N. A. R. R. Co. v. Bratton, 93 Ark. 234, 124 S. W. 752; 1 Black on Judgments (2d Ed.) § 516; 23 Cyc. 873.

[2] 2. That, ordinarily, a court loses all control over its judgment after the expiration of the term at which it was rendered, is too well settled to require the citation of authorities. Thomas v. American Freehold Land & Mortgage Co. (C. C.) 47 Fed. 550, 12 L. R. A. 681, is relied on by counsel for petitioner as in point. That was an action at law, and the decision of the court was based entirely upon the statutes of the state of Georgia, which the court held controlled, by virtue of the Conformity Act of 1872 (section 914, Rev. Stat.; Comp. St. 1913, § 1537). But in this the learned judge delivering the opinion of the court in that case was clearly in error. United States v. Mayer, 235 U. S. 55, 69, 35 Sup. Ct. 16, 59 L. Ed. 129; Wellman v. Bethea (D. C.) 213 Fed. 367.

The main ground upon which counsel rely is that this part of the decree was absolutely void, as it was not within the issues raised by

the pleadings; that for this reason it is subject to collateral attack, and, this being the case, the court has not only the power, but it is its duty to modify or set it aside, regardless of terms. Numerous authorities are cited to sustain this proposition. It may be conceded that, if that part of the decree was absolutely void and therefore subject to collateral attack, the court has the power to set it aside at any time, even after the expiration of the term.

[3] But was the court without jurisdiction to render that part of the decree? It has been uniformly held by the Supreme Court that although the national courts are courts of limited jurisdiction, and the complaint must contain the allegations necessary to show the jurisdiction of the court, a judgment rendered upon a complaint failing to allege the necessary jurisdictional facts is not void, and cannot be attacked collaterally, but is merely erroneous, and can be corrected by appeal only. Skillern v. May, 6 Cranch, 267, 3 L. Ed. 220; McCormick v. Sullivant, 10 Wheat. 192, 199, 6 L. Ed. 300; Evers v. Watson, 156 U. S. 527, 15 Sup. Ct. 430, 39 L. Ed. 520; Dowell v. Applegate, 152 U. S. 327, 14 Sup. Ct. 611, 38 L. Ed. 463; Cutler v. Huston, 158 U. S. 423, 15 Sup. Ct. 868, 39 L. Ed. 1040. It has also been uniformly held that a judgment or decree rendered by a Circuit or District Court after it had erroneously refused to remand the case to the state court, from which it had been removed, is not void, but must be given effect by all courts, until reversed by the appellate court. Chesapeake & Ohio R. Co. v. McCabe, 213 U. S. 207, 220 29 Sup. Ct. 430, 53 L. Ed. 765; In re Metropolitan Trust Co., 218 U. S. 312, 321, 31 Sup. Ct. 18, 54 L. Ed. 1051. In the Metropolitan Trust Company Case, the facts were that the Circuit Court overruled a motion to remand that case, which had been removed from a state court. Thereafter a final decree was rendered in that case in favor of the trust company, and also in favor of the other defendants. An appeal was taken from the decree in favor of all the defendants except the Trust Company, and the Circuit Court of Appeals upon that appeal held that the Circuit Court had erred in overruling the motion to remand it to the state court. Thereupon the plaintiff applied to the Circuit Court to set aside the decree in favor of the Trust Company, which was granted; but the Supreme Court granted a mandamus to vacate the order of the Circuit Court setting aside the decree, holding that, the term at which the decree in favor of the Metropolitan Trust Company was rendered having expired, the court was without jurisdiction to set it aside; the judgment overruling the motion to remand having been merely erroneous and not void.

[4] In the cross-bill filed by Mrs. Mellon against the petitioner, the lease, which was the basis of her cross-bill and made a part thereof, provided:

"During the demised term no mechanics' liens for improvements shall be put upon the demised premises, and in the event liens should be filed thereon, the lessee was to pay the same off within thirty days after final judgment, and if she failed to do so, the lessor should have the right to pay the same off, and the amount thus paid should be added to the rent, and if the default in the payment of such sums and the rent continues for three months after they become due, the lessor has the option to declare the lease terminated, and if

the forfeiture is on account of any mechanics' liens, the improvements shall also be forfeited without compensation therefor."

It was charged that these provisions of the lease had all been violated, and, while the specific relief asked was for a foreclosure of her liens, the bill also contained a prayer for general relief.

It also appeared from the record that it was claimed that the value of the mortgaged premises was insufficient to pay off the mortgage and mechanics' liens, which latter had been assigned to the trust company, the mortgagee, and the court, having found this to be true, appointed a receiver to collect the rents and profits of the premises, pending the litigation, in order that they may be applied to the trust company's claims. In addition to these debts, there was due to Mrs. Mellon a large sum of money for rent of the ground, and for taxes, which Miss Patterson had failed to pay. It therefore appeared that she had in fact no interest whatever in the premises, and, if Mrs. Mellon paid off the prior liens, it would be a useless expense to have a foreclosure sale, and that a strict foreclosure would be to the interest of all, relieving Miss Patterson of a deficiency decree, if the premises should, upon a sale, sell for less than the amount due by her to all the parties. That this would be so appeared from the record as a certainty. That under the prayer for general relief the court has the power to grant all the relief, which the allegations in the bill warranted, has been expressly determined in Gibbs v. Alger, Smith & Co., 201 Fed. 47, 119 C. C. A. 379, decided by this court. In that case an action had been brought in the district court of the state of Minnesota to remove a cloud on plaintiff's title to certain lands. A statute of the state of Minnesota permitted a person in possession of lands to maintain an action to determine adverse claims thereto. The prayer of the bill was:

"That plaintiff be adjudged the owner in fee of said lands, and that his title thereto be quieted as against the claims of said defendants. * * * That the defendants Frederick L. Gilbert and Edward T. Buxton be adjudged and held to have no right, title, interest, estate, or lien upon said lands, and that the plaintiff may be adjudged the absolute owner, free from all claims, right, title, interest, estate, or lien in and to said lands as against each and all of said defendants, and that plaintiff may have all other proper relief in the premises," etc.

The district court of the state held that, as the allegations in the petition were sufficient to entitle the plaintiff to the relief under the statute to determine adverse claims, although the bill itself was drawn for the purpose of removing clouds on plaintiff's title, and that was the specific relief prayed, he was entitled, under the prayer for general relief, to have the adverse claims under the statute, determined. Upon appeal to the Supreme Court of Minnesota this decree was affirmed. Thereafter an action was instituted in the national court for the district of Minnesota, by the unsuccessful litigants in the state court, the contention being that the action in the state court was to remove the cloud on the title, and was not an action to determine adverse claims under the statute, and that, as the decree of the state court went beyond this prayer for relief, its judgment was without jurisdiction, in

so far as the relief granted exceeded that of removing the cloud caused by the executor's deed.   But this court held this contention untenable, saying:

"If the court, on examining this petition, found the allegations and a prayer for relief strictly authorized by the statute to determine adverse claims and due service, it had jurisdiction of both the subject-matter and the persons, and, if it proceeded to grant such relief, it was at most erroneous.   Under such circumstances, the decision was a finality"—citing authorities.

In Omaha Ry. v. Cable Tramway Co. (C. C.) 32 Fed. 727, it was claimed that the Circuit Court was without jurisdiction to assess damages in an action only praying for an injunction.   Mr. Justice Brewer, then Circuit Judge, denied this contention, upon the ground that there was also a prayer for general relief in the bill.   He said:

"Again, inasmuch as the prayer for relief contains also the general prayer for other and further relief, it is familiar law that the court may award such other relief as is justified by the facts stated in the bill, and may fairly have been considered within the contemplation of the parties in the litigation."

See, also, Lockhart v. Leeds, 195 U. S. 427, 437, 25 Sup. Ct. 76, 49 L. Ed. 263; Salton Sea Cases, 172 Fed. 792, 97 C. C. A. 214; McCormick v. Oklahoma City, 204 Fed. 921, 122 C. C. A. 215.

In Standard Oil Co. v. Missouri, 224 U. S. 270, 285, 32 Sup. Ct. 406, 410 (56 L. Ed. 760, Ann. Cas. 1913D, 936) a writ of quo warranto had been filed by the state of Missouri in the Supreme Court of that state against the Standard Oil Company, and after a hearing the court sustained the prayer for the writ, and imposed a fine of $50,000 on the Standard Oil Company, although the petition asked for no penalty. It was claimed that, as there was no prayer for a penalty in the petition, the judgment imposing it was void, depriving the company of its property without due process of law.   But this contention was by the Supreme Court overruled, the court saying:

"The facts stated fix the limit of the relief that can be granted.   While the judgment must not go beyond that to which the plaintiff was entitled on proof of the allegations made, yet the court may grant other and different relief from that for which he prayed."

Van Vleet on Collateral Attack, § 256, says:

"If the object of the petitioner can be ascertained from the allegations, no matter how defective they are, or how many necessary ones are omitted—the court having power to grant the relief sought, and having the parties before it—the judgment is not void.  *  *  *   The cases all agree that, if the allegations tend to show each material fact necessary to constitute a cause of action, they will shield the judgment from collateral attack."

We are of the opinion that the court is without jurisdiction to grant the relief prayed, and it is denied.